No. 3219

Second Circuit

LAIRD v. NATCHITOCHES OIL MILL, INC.

(March 12, 1929. Opinion and Decree.)

James W. Jones, Jr., of Natchitoches, attorney for plaintiff, appellee.

Phanor Breazeale, of Natchitoches, attorney for defendant, appellant.

WEBB, J. The plaintiff, James A. Laird, brought this action, individually and as the representative of his minor son, Lester Laird, to recover judgment for damages against the defendant, Natchitoches Oil Mill, Inc., alleged to have been sustained as the result of the negligence of an employee of the defendant in driving a motor truck belonging to and being used in furtherance of the defendant's business, which

collided with a bicycle on which Lester Laird was riding.

The plaintiff alleged that the bicycle was completely wrecked, for which he claims sixty-eight dollars, and that the life of his son was endangered, causing his son to become exceedingly frightened and nervous, for which he claimed damages for the benefit of his son in the sum of two hundred and fifty dollars.

The defendant excepted that the petition failed to state a cause of action, which being overruled, it answered, pleading a general denial, but tendered forty-seven and 50-100 dollars in payment of the damage to the bicycle, and cost to date, of tender, and on trial judgment being rendered in favor of the plaintiff, individually, for forty-two and 85-100 dollars, and for the benefit of his son, in the sum of fifty dollars, defendant appeals, and plaintiff has answered the appeal, praying that the judgment be amended so as to increase the amount of the award to that originally claimed.

The amount awarded plaintiff individually is the original cost price of the bicycle, and the only question presented here is as to the right of the plaintiff to recover for the alleged injuries sustained by his son, Lester Laird; it being urged that inasmuch as the evidence does not establish that Lester Laird sustained any physical injury at the time of the accident, there could not be any recovery for fright or the physical consequences resulting therefrom, and, further, that the evidence does not establish that Lester Laird suffered any physical injury as the result of fright which he experienced when knocked from the bicycle at the time of the injury.

There is a conflict of opinion in other jurisdictions as to whether or not there can be a recovery for fright or the physical consequences resulting therefrom, where there is not any contemporaneous physical injury; however, under Article 2315 of the Civil Code, which declares that every act whatever of man that causes damages to another, obliges him by whose fault it happened to repair it, it is at least recognized that the physical consequences resulting from fright may be properly considered in estimating damages although the fright was unaccompanied by a contemporaneous physical injury.

In Stewart vs. Arkansas Southern Railway Company, 112 La. 764, 36 So. 676, it was said:

"The argument that fright, as an element of damages, is not to be considered, has interesting features. It would perhaps be convenient and expeditious, in determining suits such as this, to adopt the simple rule that no recovery of any kind can be had for fright occasioned by the negligence of another, be the fright what it may, although its consequences are most serious—such as blindness, insanity and even miscarriage.

\* \* \*

"Under our jurisprudence and special laws, we would not be justified if we were to adopt this simple rule. In our Code (Articles 2315-2317) the wise precept of the Institutes of Justinian are incorporated in substance, to-wit: *Juris. praecepta sunt, alterum non laedere, suum cuique tribucre.* and, as translated and inserted in our Code, its text looks to the liability for all damages." (Also Bourg vs. Lumber Co., 120 La. 1009, 45 So. 972, 124 Am. St. Rep. 448, and cases cited; Favalora vs. N. O. Ry. & Light Co., 143 La. 572, 78 So. 994; Tuyes vs. Chambers, 144 La. 723, 81 So. 265.)

Lester Laird was only twelve years of age and the fright which he suffered was not any greater than should have been expected to follow from the situation in which his life was imperiled by the negligence of the defendant, and while it may

be that the period of danger was too short to serve as the basis of any award of damages, however the uncontradicted evidence shows that following his escape from the danger and for some time thereafter he was very nervous, and although it does not appear that he will suffer any permanent impairment of his nervous system, or of his health, it appears certain that he did, for an appreciable time, suffer some anguish as a result of the fright, and that that was some shock of his nervous system, for which, we think, he is entitled to recover some damages, and we do not find that the amount fixed by the trial court was excessive or inadequate.

The judgment is therefore affirmed.