210 So.2d 895 (1968)
Alvin P. COLLINS, Plaintiff-Appellee,
v.
Davidson LEFORT et al., Defendants-Appellants.
No. 7355.
Court of Appeal of Louisiana, First Circuit.
May 27, 1968.
Diaz & Erny, Golden Meadow, for defendants-appellants.
Francis Dugas, Thibodaux, for plaintiff-appellee.
Before LOTTINGER, ELLIS and CUTRER, JJ.
CUTRER, Judge.
Plaintiff, Alvin P. Collins, instituted this action against defendants, Davidson Lefort *896 and C. J. Griffin for damages to his boat in the sum of Seven Hundred Fifty and No/100 ($750.00) Dollars and for mental pain and anguish suffered by plaintiff in the sum of Five Thousand and No/100 ($5,000.00) Dollars. C. J. Griffin answered the suit in the form of a general denial and Davidson Lefort filed an answer and reconventional demand for damages to his leased oyster beds allegedly incurred as a result of Mr. Collins' trawling operations upon those oyster beds.
The trial court dismissed defendant C. J. Griffin and assessed damages against defendant Davidson Lefort in the amount of Three Thousand, Seven Hundred Fifty and No/100 ($3,750.00) Dollars. This represented Seven Hundred Fifty and No/100 ($750.00) Dollars for repair of the damage to the boat and Three Thousand and No/100 ($3,000.00) Dollars for the mental anguish suffered by plaintiff. The judgment rejected the reconventional demand of Lefort. From this judgment Davidson Lefort has perfected a suspensive appeal.
The salient facts which gave rise to this litigation are as follows:
On October 5, 1963, plaintiff and his wife were trawling for shrimp on Mink Bayou. Defendants, Lefort and Griffin had been hunting marsh hens and decided to fish for redfish. Defendant Lefort vividly described the ensuing incident:
"On the way we turned the bend right there by Bayou Denegre and Bayou Raphael I happened to bump into Alvin (Collins) in there trawling. So we stopped the boat.
He must have been trawling for shrimp. I don't know. He stopped his boat. We stopped ours. I asked him to pick up his trawl. He didn't give me no answer. He didn't make any motion to pick up the trawl. I waited a while and I asked him again. I said, `Alvin, pick up your trawl and get out of this bayou. I have been warning you to get out of there and leave my oysters alone.' He never did say nothing again. So the third time I asked him, I says, `Pick up your trawl and get out of here.' Another thing, before I shot him I said, `How would you like to have a hole, if I shoot your boat and make a hole in your boat?', which I had promised to sink his boat in that bayou next time I was going to catch him in there. He says, `Mr. Lefort, I wouldn't like that at all.' I waited a while and then I busted his boat. Shot him. What he did, he put the clutch on and went against the bank. So that's when I offered them the second shot. I told him to pick up his trawl or I was going to bust his boat again another shot. So that's when he decided to pick up his trawl."
Lefort's gun then jammed and defendants departed.
The shotgun blast produced a three inch hole in the bow of plaintiff's boat, the "Osceola." Collins hastily placed old rags and mud in the hole and proceeded home under his own power. The damage was near the water line and the boat began to take on water. At several intervals it was necessary to stop and pump the accumulating water out of the boat.
The actions of Lefort were unjustified under the circumstances. He selected a means of excessive force in ejecting plaintiff and must be held liable for the ensuing damages.
An intentional shot in one's direction and the prospect that one's boat may sink is certain to arouse fright, apprehension and produce mental anguish and shock. That recovery may be had for such effects is well settled. See Laird v. Natchitoches Oil Mill, 10 La.App. 191, 120 So. 692; Klein v. Medical Building Realty Co., La.App., 147 So. 122; Holmes v. Le Cour Corp., La.App., 99 So.2d 467; Clegg v. Hardware Mutual Casualty Co., 5 Cir., 264 F.2d 152.
*897 In addition to being extremely upset at the time of the incident, Mr. Collins was highly nervous for a period thereafter, had nightmares for two weeks and awoke at night in a nervous state. Such incidents occurred several times after the first two weeks. He testified that immediately after the incident he attempted to work but had to return home until he calmed down. In view of the short duration of the effects of this encounter, and the fact plaintiff did not seek medical attention nor take medication we feel that the award for general damages is excessive and should be reduced to One Thousand and No/100 ($1,000.00) Dollars.
We are in complete accord with the trial judge's evaluation of the facts and his conclusion that C. J. Griffin should be exonerated:
"While the defendant Griffin was present at the time of the incident, the evidence shows his only joint venture with Lefort was a hunting expedition for marsh hens, and that he was in no way responsible for the actions of the defendant Lefort. Accordingly, the demands of plaintiff against Griffin should be dismissed."
Plaintiff should not be compelled to accept an inexpensive "patch job" which would not put his boat in exactly the same condition it was in before the occurrence of the incident. Marcel Cheramie, a boat builder with 17 years experience and the only qualified expert, testified that a patch job would not suffice and estimated that the total cost of replacement would amount to Seven Hundred Fifty and No/100 ($750.00) Dollars. Under the prevailing circumstances, the award of Seven Hundred Fifty and No/100 ($750.00) Dollars, for damages to plaintiff's boat was just and proper.

RECONVENTIONAL DEMAND
Lefort leased 63 acres of water bottom on Bayou Raphael for his oyster operations. It is alleged that plaintiff damaged the planted oysters by trawling on said bayou. The testimony of several witnesses was elicited with regard to the staking of the leased bottom and relating to trawling activities conducted thereon by the various witnesses. The record reveals that the leased property was not properly staked and that other fishermen trawled the waters. It was not shown that Collins removed or damaged oysters located on Lefort's leasehold. Therefore, the reconventional demand is dismissed.
For the above and foregoing reasons, the judgment of the trial court is hereby amended and as amended affirmed. Plaintiff is to pay the costs of this appeal.
Amended and affirmed.