351 So.2d 865 (1977)
Rudolph TAYLOR, Jr. and Mary Taylor, Plaintiffs-Appellants,
v.
ACTION HOUSEHOLD RENTALS, INC. and Delbert Speights, Defendants-Appellees.
No. 13374.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1977.
Lewis Weinstein, Richard C. Goorley by Richard C. Goorley, Shreveport, for plaintiffs-appellants.
Wilson & Veatch by Thomas A. Wilson, Shreveport, for defendants-appellees.
Before HALL, MARVIN and JONES, JJ.
HALL, Judge.
Plaintiffs, Mr. and Mrs. Rudolph Taylor, Jr., sued Delbert Speights and Action Household Rentals, Inc. (singularly and collectively referred to in this opinion as defendant, for damages arising out of an incident in which Speights' minor son, an employee of his father's company, kicked down the front door of plaintiffs' home while trying to collect a delinquent payment due on a refrigerator rented by defendant to plaintiffs. The defendant reconvened for the value of the refrigerator. After trial, the district court awarded plaintiffs $167 in damages and awarded defendant $167 as the balance due on the refrigerator, conditioned on plaintiffs' exercising their option to purchase the refrigerator. Plaintiffs appealed. Defendant did not appeal or answer the appeal.
The primary issues raised on appeal are the amounts of the awards to plaintiffs and to defendant.
Plaintiffs rented a refrigerator from defendant under a lease-purchase agreement by which they agreed to pay $38 per month.
*866 Plaintiffs regularly mailed payments in varying amounts to defendant for 14 months. Because the husband was out of work, plaintiffs were unable to timely make one of the payments and the wife called defendant's office, explained the situation, and promised to make the payment as soon as they could. Two of defendant's employees, one of whom was his 200-pound, 17year-old son, were sent to plaintiffs' home with instructions to get the payment or the refrigerator. The other employee went to the door and when the wife, who was at home with her two small children, explained the situation, he suggested she talk to the assistant manager (Speights' son) who had remained outside in the company truck. The wife told the employee to ask the other man to come into the house, which he did. After Speights insisted on picking up the refrigerator a serious argument ensued. Plaintiff ordered Speights to leave the house. At some point plaintiff picked up a lawn implement and brandished it as a weapon. At some point Speights went out the door, which plaintiff closed and locked. Speights kicked the door twice, breaking it down.
The other employee testified; but defendant's son did not, although he was present at the trial having been subpoenaed by plaintiffs. The trial court erroneously refused to allow plaintiffs to call the son on cross-examination. LSA-C.C.P. Art. 1634. The failure of defendant to call the son as a witness raises a presumption that his testimony would have been adverse to defendant. The other employee's testimony, while varying somewhat from plaintiff's version as to the sequence of events, basically supports plaintiff's testimony. It must be concluded from the record that the son (contrary to defendant's general instructions that customers should not be argued with in making collections) pressed plaintiff beyond reasonable persuasion to let him take the refrigerator, refused to leave the premises when ordered to do so, and intentionally and violently kicked the door down.
The trial court's award to plaintiffs of $167, the same amount found to be owed to defendant under the lease-purchase agreement, does not adequately compensate plaintiffs for the tortious conduct of young Speights.
Plaintiffs do not seek recovery for the physical damage to the door. Defendant had the door replaced, although perhaps not adequately. The son's remaining on the property and causing the damage after being ordered to leave constituted willful trespass and deliberate invasion of property rights. The plaintiff-husband, as head and master of the community, is entitled to damages. Turner v. Southern Excavation, Inc., 322 So.2d 326 (La.App. 2d Cir. 1975); Loeblich v. Garnier, 113 So.2d 95 (La.App. 1st Cir. 1959). The award to Mr. Taylor is fixed at $100.
Mrs. Taylor is entitled to damages for invasion of her privacy in the security of her home, the unreasonable and coercive attempts to collect the debt, and the threatening nature of young Speights' tortious conduct. See Collins v. Lefort, 210 So.2d 895 (La.App. 1st Cir. 1968); Pack v. Wise, 155 So.2d 909 (La.App. 3d Cir. 1963). The award to Mrs. Taylor is fixed at $500.
The evidence shows plaintiffs made 15 payments of $38 each or a total of $570 attributable to the refrigerator contract. Other small amounts paid by plaintiffs to defendant appear to be for the rental of a television set. Late charges made by defendant were not authorized by the contract. The value or price of the refrigerator was established by the contract at $684, leaving a balance due on the purchase price, if the option to purchase is exercised, of $114. The judgment in favor of defendant, plaintiff-in-reconvention, conditioned on exercise of the option to purchase, should be in that amount.
No other issues are raised on appeal concerning the form or substance of the judgment, which will be affirmed as amended in the respects set forth above.
The judgment of the district court is amended to order defendant to pay to plaintiff, Rudolph Taylor, Jr., the sum of $100, together with legal interest thereon from *867 date of judicial demand until paid, and to order defendant to pay to plaintiff, Mary Taylor, the sum of $500, together with legal interest thereon from date of judicial demand until paid. The judgment is further ammended to reduce the award in favor of defendant against plaintiffs from $167 to $114. As so amended, the judgment is affirmed. All costs, including the costs of appeal, are assessed to defendant-appellee.
Amended, and as amended, affirmed.