373 So.2d 200 (1979)
Philip P. SPENCER
v.
Mrs. Rochelle TEREBELO, divorced wife of Philip P. Spencer.
No. 10212.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1979.
Rehearing Denied August 10, 1979.
Writ Refused October 19, 1979.
*201 Gibson Tucker, Jr., Tucker & Schonekas, New Orleans, for defendant-appellant Mrs. Rochelle Terebelo, divorced wife of Philip P. Spencer.
Philip P. Spencer, New Orleans, in pro. per.
Before SAMUEL, BOUTALL and BEER, JJ.
BOUTALL, Judge.
This is a suit to recover damages suffered by a custodial parent due to the removal of his children by the non-custodial parent.
The factual and procedural posture of this case is as follows. The litigation originated between the parties in a suit for custody wherein this court reversed the decision of the trial court and awarded custody to Philip P. Spencer, appellee herein. See 261 So.2d 702 (La.App. 4th Cir. 1972). On November 15, 1973, Philip Spencer filed a contempt rule in Civil District Court of Orleans Parish against his divorced wife, Rochelle, appellant herein, charging her with failure to timely return the children from a regular visit with her. On November 21, Rochelle petitioned the Juvenile Court of the Parish of Jefferson for a temporary custody order for the five children, which was granted the same day. On November 30, the Civil District Court of Orleans ruled that Rochelle was in contempt of court and she applied to this court for writs and was granted a stay of execution of the contempt decree. Also on that day she fled the State of Louisiana with the five children, without notification to Spencer or the court and went to Miami, Florida. On December 5, this court denied the application for supervisory writs and recalled the stay order. On January 16, 1974 the Juvenile Court of Jefferson Parish set aside the temporary custody award. In the meantime Spencer had located her in Florida and filed for custody there on January 8. She countered with a claim for custody on January 11. At that time Florida had not yet enacted the Uniform-Child Custody Jurisdiction Act. The Act was adopted in 1977. See Florida Statutes, Sec. 61.1328, et seq.
This suit for damages was filed by Philip Spencer on January 18, 1974, seeking jurisdiction by attaching real property owned by Rochelle in Jefferson Parish. The petition prayed for damages arising from the actions of the mother and the fact that Spencer was unaware of his children's whereabouts for 38 days. After numerous exceptions had been disposed of and after a trial on the merits, the trial court rendered judgment in favor of Philip Spencer awarding damages in the amount of $3500. It is from this judgment that appellant takes this appeal. Appellee answered the appeal asking for an increase in the judgment.
*202 Appellant's first and main contention is that Louisiana law does not authorize a cause of action in tort for the wrong complained of. We are referred to cases in which it is stated that the general rule in Louisiana is that one person cannot recover for mental anguish arising from injuries suffered by another. See for example Black v. Carrollton Railroad, 10 La.Ann. 33 (La.1855); Voelker v. Liberty Mutual Insurance Company, 190 So.2d 136 (La.App. 4th Cir. 1966). We feel, however, that this cause of action is based, not on injuries to another but on breach of a legal duty owed to the custodial parent by the non-custodial parent, illegally depriving him of custody of his children.
In Holland v. St. Paul Mercury Insurance Co., 135 So.2d 145, at p. 157 (La.App. 1st Cir. 1966), the court stated:
"* * * * our courts have rejected the principle which denies recovery for mental pain and suffering unaccompanied by physical injury to plaintiff and have repeatedly and consistently permitted recovery in such cases provided it be found the worry and anguish for which damages are sought was occasioned by breach of a duty owed plaintiff by defendant and is not predicated solely upon breach of duty owed a party other than plaintiff." * * *
The court further explained this rule as follows at pages 158 and 159:
"We believe the foregoing views neither disturb nor deviate from the rule obtaining in this state (to which this Court continues to adhere) to the effect a plaintiff may not recover for mental pain and anguish occasioned by injury to another. Excepted from said rule, however, are those instances wherein a plaintiff suing for mental pain and anguish occasioned by physical injury to another does so on the basis of a breach of a primary legal duty and obligation owed by the defendant directly to the plaintiff seeking such damages."

* * * * * *
Louisiana Revised Statute 14:45 reads in part:
"A. Simple kidnapping is:

* * * * * *
"(4) The intentional taking, enticing or decoying away and removing from the state, by any parent of his or her child, from the custody of any person to whom custody has been awarded by any court of competent jurisdiction of any state, without the consent of the legal custodian, with intent to defeat the jurisdiction of the said court over the custody of the child."

* * * * * *
We feel that this statute forms the basis of the legal duty owed by appellant to appellee. The breach of such duty is actionable under Civil Code Article 2315 and Holland, supra.
Appellant relies on the case of Moulin v. Monteleone, 165 La. 169, 115 So. 447 (1927), which held that a husband had no cause of action in tort against a third party who had been guilty of alienating his wife's affections. This case is distinguished on the ground that no statute existed on which to base a breach of legal duty necessary for recovery. In the opinion in Moulin, the court stated at p. 456:
"The best way to suppress such conduct as is described in the plaintiff's petition would be by means of a penal statute condemning both of the particeps criminis"
In summary, we do not feel that our holding is contrary to the rule of law urged by appellant and mentioned above. A basic premise of the rule denying recovery is that there is no breach of a legal duty to the party claiming damages. See McKey v. Dow Chemical Company, Inc., 295 So.2d 516 (La.App. 1st Cir. 1974). Here the breach of legal duty is clear and we agree with the trial judge that Philip Spencer has a cause of action in tort against his divorced wife.
Appellant also contends that the trial court erred in refusing to receive in evidence certified copies of the Florida court decrees and the copies of transcripts of these proceedings, which would tend to *203 prove that she was entitled to custody. We fail to see, however, any possible relevance to this action of a record of a Florida court filed after the flight from Louisiana. The wrong complained of in this suit occurred when the appellant removed the children from Louisiana. No later Florida court decree could affect this claim.
Appellant also puts at issue the employment of the nonresident writ of attachment contending that the trial court erred in refusing to dissolve the attachment. The record shows that appellant owned real property in Jefferson Parish which appellee attached on posting of bond and furnishing of surety. It should be noted that appellant did not timely except to the jurisdiction of the court by reason of the attachment. Her complaint is that she employed counsel to represent her and the attachment should be dissolved. In support of this, she argues that the attachment proceeding in this case and the articles of the Code authorizing it are unconstitutional. This attachment was granted under the Codal authority of Article 3541 of the Code of Civil Procedure which reads in part:
"A writ of attachment may be obtained when the defendant:

* * * * * *
"(5) Is a nonresident who has no duly appointed agent for service of process within the state."
The record shows that an attorney was appointed as curator to represent the absent defendant and that the curator sent a certified letter to defendant, but the letter was returned with the endorsement "Addressee Unknown." The curator then advertised in the Times Picayune newspaper and was advised that appellant was retaining counsel to represent her. Appellee concedes she is a resident of Florida.
In view of the above facts, we fail to see how appellant can complain about the procedure employed in this case. We reject this contention that the attachment procedure as set up in the Code is unconstitutional in that it violates due process of law. The United States Supreme Court has already upheld the Louisiana sequestration procedure, which is not drafted to be limited to certain narrow circumstances as is our attachment procedure. See Mitchell v. W. T. Grant Company, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974), and Code of Civil Procedure Article 3541, supra. Further, one Supreme Court case upheld the validity of a seizure on the ground that the defendant is a non-resident and the attachment secures quasi in rem jurisdiction over him, such as we have in this case. See Ownbey v. Morgan, 256 U.S. 94, 41 S.Ct. 433, 65 L.Ed. 837 (1921). This case was cited with approval in Fuentes v. Shevin, argued by appellant as support for his contention, where the court termed this basis for attachment "a most basic and important public interest". See 407 U.S. 67, at 91, footnote 23, 92 S.Ct. 1983, at 1999, 32 L.Ed.2d 556 (1972).
The final issue before us deals with quantum. Appellee has answered the appeal contending that the trial court erred in allowing damages in the amount of $3,500 and that this amount should be increased substantially. He argues that the amount of damages should be computed on a per diem basis relating to the amount of time each child was away. The trial court, however, only awarded damages based on the 35 day period during which appellee was unaware of his children's whereabouts plus expenses.
In considering the amount of damages in this case, we feel it proper to consider the fact that the appellant removed the children from the father's custody and from the court's jurisdiction, the fact that the father was unaware of the children's whereabouts for 35 days, the fact that he was prevented from exercising his custodial control over the children's welfare, and the fact that he did not see his children for lengths of time varying between approximately one and a half to slightly over three years up to the date of trial. All of these occurred as a direct result of appellant's *204 breach of legal duty owed to appellee.[1] We also feel that expenses of the recovery effort undertaken by appellee should be part of the damage award.
The award of the trial judge included $1,000.50 for unused tuition paid for Harry Spencer and approximately $2,500 in general damages. We increase the award to include travel expenses incurred by appellee and his children totaling $345.64. As to the award for general damages, we feel that $5,000 is the lowest amount which would not constitute an abuse of discretion. The general damage award is therefore increased to that amount.
IT IS THEREFORE ORDERED that the award in favor of Philip P. Spencer be increased to $6,346.14, plus interest from date of demand and costs and, so increased, affirmed. Costs of this appeal to be assessed against the appellant.
AFFIRMED, JUDGMENT INCREASED.
NOTES
[1] Three of the children have since returned to Louisiana, two for visits before leaving to attend college and one permanently. The exact time of absence up to trial for each child follows: Sharon, 502 days; Michelle, 812 days; Harry, 1,047 days; Bonnie, 1,188 days and Susan, 1,188 days.