REDMANN, Chief Judge.
This appeal and answer question:
1) Adequacy of awards to a husband and wife for damages from release of ammonia (by defendant’s “safety valve”) into their home while the wife and children were present but the husband not; and
2) Recoverability of general damages and psychiatric costs incurred by the husband on learning of the wife’s having been subjected to ammonia.
The wife both was exposed to ammonia and fell downstairs while fleeing. Her treating surgeon diagnosed “acute bronchitis on the basis of inhaling noxious ammonia fumes, acute cervical strain, and acute lumbosacral strain.” An ophthalmologist treated her twice for eye irritation. A psychiatrist diagnosed “anxiety reaction with moderate to severe depression precipitated by the ammonia explosion.” The trial judge awarded her “$6,200 for pain and suffering, mental anguish and psychological damage.”
That award, the wife argues, is “inadequate and fails to award damages for future psychological damage,” and therefore constitutes an abuse of discretion. Our answer is that our function as a reviewing court must concede the inescapable primacy of the trier of fact in factual issues and not substitute our judgment (even if equally reasonable) for his, Canter v. Koehring Co., 283 So.2d 716 (La.1973), and not alter quantum unless we can articulate an abuse of his “much discretion” within C.C. 1934(3), Reck v. Stevens, 373 So.2d 498 (La.1979). We are unable to articulate an abuse of that discretion in this case, notwithstanding that another trier of fact might have awarded a different amount.
*740 In respect to future psychiatric medical expenses not awarded, we note that the psychiatrist was first seen a year and eight months after the incident, and that the psychiatrist’s proposed regimen for the wife was the same and with the same un-specifiable duration (six months to two years) as for the husband. The trial judge was obviously of the view that the need for further psychiatric treatment was not established, presumably because he did not believe the psychiatrist (and not because, if believed, the psychiatrist’s testimony was insufficient: see Jackson v. United States F. & G. Co., 382 So.2d 223 (La.App. 3 Cir.1980)). Disbelief is more probable because of both the amount of the award and its description including merely “mental anguish and psychological damage” rather than “traumatic neurosis” as the wife argues. This, too, is a matter governed by Canter.
The husband, on arriving at his home, “smelled the ammonia and went around asking where my family was at, I asked several people and nobody knew so I saw this one, ... he told me . .. and I went to [a neighbor’s] house and I witnessed my wife foaming from the mouth just as red as can be and gagging.” A year and eight months later he went to a psychiatrist, who diagnosed “anxiety reaction, chronic severe, with moderate depression precipitated by trauma of the ammonia explosion.” (The husband was not present when the safety valve released the ammonia.)
The husband argues that the $1,225 award to him for “mental anguish, fear and fright” was inadequate (and further fails to award future psychiatric treatment), and defendant argues no award should be made to him for general damages nor “for medical expenses which may have been incurred by him” (for his own psychiatric treatment).
Defendant does not point out any part of the $2,484.98 medical award as attributable to the husband. Our review of the record shows that, notwithstanding that he expended $350 or that the trial judge did award general damages to him and thus might be expected to award his medical expenses, the total award for medical expenses does not exceed the expenses for the other family members. We therefore decline to consider the award as including the husband’s personal medical expenses.
We do reverse as unrecoverable the award to the husband of general damages for his suffering etc. on learning of his wife’s (and children’s) injuries. Young v. South Central B. Tel. Co., 412 So.2d 147 (La.App. 4 Cir.1982).
Amended to delete the award of $1,225 to Frank Locascio and otherwise affirmed. Costs of appeal to be divided equally.