437 So.2d 974 (1983)
William J. DAWSON
v.
JAMES H. STUART AND DEATON, INC.
No. CA-0634.
Court of Appeal of Louisiana, Fourth Circuit.
September 14, 1983.
*975 John E. Peltier, Jr., New Orleans, for plaintiff-appellee.
Joseph R. McMahon, Jr., New Orleans, for defendant-appellant.
Before WARD and BARRY, JJ., and REMY CHIASSON, J. Pro Tempore.
WARD, Judge.
Plaintiff, William J. Dawson, instituted suit in Orleans Parish Civil District Court against James H. Stuart and Stuart's employer, Deaton, Inc., seeking to recover damages sustained in a collision that occurred on May 24, 1979, between two tractor-trailer trucks, one driven by Dawson and one driven by Stuart. A jury of twelve found Stuart negligent and Stuart and his employer, Deaton, Inc., liable for Dawson's injuries. The jury awarded Dawson $8,000. The award included compensation for his physical injuries, accompanying medical expenses, pain and suffering, mental anguish, and lost wages. On appeal, Stuart and Deaton, Inc., do not contest the jury's finding of negligence but argue that the damage award is excessive.
The accident occurred on an elevated portion of Interstate Highway 10 in New Orleans. At the time of the accident, the flow of traffic was blocked by another vehicle, a low-boy trailer and a van which were attempting to negotiate a sailboat loaded on the low-boy under an access ramp that crossed over the interstate. Due to this traffic obstruction, Dawson's vehicle had come to a stop when it was struck from the rear by the truck driven by Deaton. The impact pushed Dawson's rig from the center lane, through the right lane, and into the emergency lane next to the railing. Dawson's truck came to rest approximately one foot from the guard rail of the elevated interstate.
Although badly shaken, Dawson was able to complete work for the day, but the next day he experienced pain in his shoulder and back and he was seen by his employer's company doctor. After three or four days of heat treatments, the company doctor discharged Dawson over Dawson's protest. Because he was still in pain, Dawson consulted his physician, Dr. Henry Braden. Dr. Braden's examination disclosed paravertebral muscle spasm in the lower thoracic area. The spasm was more pronounced on the left, extending laterally to Dawson's left shoulder. Range of motion of the left shoulder was impaired and there was also lumbosacral muscle spasm bilaterally, the spasm being more pronounced on the left. Dawson also had a contusion of the left shoulder which ran up from the mid-back, and impairment of extension of his left arm. Dr. Braden testified that all of these problems aggravated Dawson's pre-existing arthritic condition.
*976 Dr. Braden prescribed muscle relaxants, pain medication, and moist heat treatments. Dawson underwent twenty treatments between May 18 and June 26, 1979, the date of his discharge. Dr. Braden testified that he allowed Dawson to return to work on June 12, 1979, but he continued treatment until June 26, 1979. Dawson incurred medical expenses of $580.00.
The trial court concluded that Dawson's lost wages from May 14, 1979 through June 25, 1979 were $1388.07. His lost overtime pay was established to have been $214.20. Thus, the portion of the $8,000 award representing Dawson's lost wages is $1,602.27.
The special damages proven by Dawson, his medical expenses and lost wages, amount to a total of $2,182.27. Thus, $5,817.73 of the $8,000 awarded by the jury represents compensation for general damages. Because the record shows that Dawson proved his special damages to the degree of certainty, required by Jordan v. Travelers Ins. Co., 257 La. 995, 245 So.2d 151 (La.1971), we now focus our review on the alleged excessiveness of the award of general damages. General damages are defined in Anderson v. Welding Testing Laboratory, Inc., 304 So.2d 351 (La.1974) as "... those which may not be fixed with any degree of pecuniary exactitude but which, instead, involve mental or physical pain or suffering [or] inconvenience, ... which cannot really be measured definitively in terms of money."
Pain and suffering, mental anguish and anxiety are included in Dawson's list of itemized damages in his original petition. Dawson's testimony reflects that he experienced extreme terror that he would lose his life during the accident; he anticipated being pushed over the edge of the elevated interstate. The photographic evidence supports his claim that his truck came to rest a scant foot from the guardrail. The force of the impact is easily discerned from the photographs of Deaton's truck which show that Deaton's cab was practically demolished. Fright, fear, or mental anguish while an ordeal is in progress is legally compensable. Hoffman v. All Star Insurance Corp., 288 So.2d 388 (La.App. 4th Cir.) writ refused 290 So.2d 909 (1974); Butler v. Pardue, 415 So.2d 249 (La.App. 2d Cir.1982).
Dawson testified that he was still experiencing discomfort from his injuries at the time of trial and that he is nervous and frequently experiences nightmares and an inability to sleep. Although he had been involved in a similar accident shortly after this one, the jury apparently believed his testimony that his nervousness, nightmares and inability to sleep began immediately after the collision with Deaton's truck. Therefore, the jury compensated him for those general damages and also for his fear during the ordeal.
It is only after a finding that the lower court abused its discretion in determining an award of damages that the appellate court may disturb that award. If it is found that the award is above the point which is reasonably within the much discretion afforded to the trier of fact, the appellate court is not free simply to decide what it considers to be an appropriate award on the basis of evidence. The appellate court may disturb the award only to the extent of lowering it to the highest point which is reasonably within the fact-finder's discretion. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
We consider the amount awarded for general damages to be within the jury's discretion and cannot conclude that it is higher than the highest amount which could be awarded based upon a reasonable evaluation of the evidence in the record. We find no abuse of discretion and will not disturb the jury's award. Accordingly, the judgment appealed from will be affirmed. Appellant is to bear the cost of this appeal.
AFFIRMED.