Jody MAYO, Wife of/and Jerry Dell
Mayo, Plaintiffs-Appellees,

v.

BORDEN, INC., Defendant-Appellant.

No. 85–3255

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 12, 1986.

Michael M. Noonan, Michael T. Pulaski,
New Orleans, La., for defendant-appellant.

Alan Z. Zaunbrecher, Vincent J. Glorioso,
New Orleans, La., for plaintiffs-appellees.

Paul B. Deal, New Orleans, La., for employers-intervenor.

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

In this diversity jurisdiction case, Borden, Inc. appeals a jury verdict in favor of Jerry Mayo, a journeyman insulator employed by the H.B. Zachary Company. Borden contends that the trial court erred in its instructions to the jury on the controlling principles of Louisiana tort law. Finding no error in the instructions, we affirm.

FACTUAL BACKGROUND

On July 5, 1983, Mayo was working near a chemical-stripping pressure column at Borden's chemical plant in Geismar, Louisiana. A pressure column is a slender metal structure, approximately 50 feet tall and five feet in diameter. A Borden employee, Michael Ardoin, was controlling the injection of steam and air into the column as part of the cleaning process. Suddenly, boiling water unexpectedly escaped from the column and water and steam engulfed the entire area. Ardoin was in the direct path of the boiling liquid and steam. Although other workers ran from the scene, Mayo responded to Ardoin's cries for help and raced into the steam-engulfed, boiling-water-covered area and grabbed Ardoin, dragging him to a point where others did not feel threatened and were willing to join in the rescue effort. Ardoin was so badly burned that his flesh sloughed off in

Mayo's hands. He succumbed to the burn injuries a few days later. Mayo claimed physical injuries,[1] and severe and disabling psychological and emotional injuries as a result of the accident.

Mayo filed suit against Borden, claiming that its negligence caused the accident and occasioned his physical and emotional injuries. Borden successfully sought a partial summary judgment declaring that Mayo could not recover for any mental anguish caused by his viewing the peril or injury suffered by Ardoin. The trial court stated that the motion was granted "solely with regard to [Mayo's] claim for damages for emotional and mental distress resulting from the injury to another person, namely, Michael Ardoin.... The court's ruling in this regard does not affect [Mayo's] claim for damages for emotional and mental distress resulting from other than injury to another person."

After a two-day trial, the jury returned a verdict against Borden for $150,000. Borden timely appealed, maintaining that the trial court erred: (1) by instructing the jury that Mayo could recover for mental anguish if "involved in an accident" without requiring a physical injury, and (2) for not charging the jury that even if a person sustains a physical injury he may not recover for mental anguish caused by witnessing the peril or injury of another.

## ANALYSIS

Finding timely objection and compliance with the requisites of Fed.R.Civ.P. 51, we review the challenged instruction in the context of the entire charge, since "a challenged instruction should not be considered in isolation but rather as part of an integrated whole. If, viewed in that light, the jury instructions are comprehensive, balanced, fundamentally accurate, and not likely to confuse or mislead the jury, the charge will be deemed adequate." *Scheib v. Williams-McWilliams Co., Inc.*, 628 F.2d 509, 511 (5th Cir.1980).

Trial courts are accorded great latitude in shaping instructions, *Corey v. Jones*, 650 F.2d 803 (5th Cir.1981), and a verdict-based judgment will be reversed because of an erroneous instruction only when "the charge as a whole 'leaves us with substantial and ineradicable doubt whether the jury has been properly guided in its deliberations.'" *McCullough v. Beech Aircraft Corp.*, 587 F.2d 754, 759 (5th Cir.1979) (*quoting Kyzar v. Vale Do Ri Doce Navegacai, S.A.*, 464 F.2d 285, 290 (5th Cir.1972), *cert. denied*, 410 U.S. 929, 93 S.Ct. 1367, 35 L.Ed.2d 591 (1973)).

In the instruction which Borden claims misstates Louisiana law, the trial judge informed the jury:

In connection with your deliberations on damages, I charge you that under Louisiana law, recovery is not permitted for mental or emotional pain and suffering resulting from an injury to another person. In other words, in this case, plaintiff, Jerry Mayo, cannot recover for mental and/or emotional pain and suffering because Mr. Ardoin was injured. Neither may you award any money for any emotional distress plaintiff may have suffered because of his learning of the death of another, in this case, Mr. Ardoin. Mr. Mayo may, however, recover for the emotional damages he suffered as a result of his involvement in the incident, including both physical and emotional damage. If supported by the evidence, such an award is proper, so long as you are not awarding plaintiff and/or confusing this award to plaintiff, with any emotional distress resulting from the injuries he observed occurring to Mr. Ardoin.

### The Physical Injury Prerequisite

Borden maintains that an award for mental anguish is permissible only if a plaintiff has suffered physical injury in the subject accident. Counsel acknowledges contrary

---

**1.** There was evidence before the jury, that the jury may have credited, that in addition to the fear of his personal safety when he rushed into the danger zone to aid Ardoin, Mayo suffered some physical injuries from the steam and boiling water.

decisions by the Louisiana courts, followed by this court, but suggests their lack of precedential force or value because they "seem only to stand for some appellate courts' ideological predisposition to allow recovery." We do not share that assessment of the holdings of Louisiana's appellate courts.

Since very early in this century, Louisiana has recognized a cause of action for fright or anguish resulting from apprehension over one's own health, safety, or well-being, caused by the negligence of another. In *Stewart v. Arkansas Southern R. Co.*, 112 La. 764, 36 So. 676, 677 (1904), *citing* its earlier decision in *Lewis v. Holmes*, 109 La. 1030, 34 So. 66 (1903), the Supreme Court of Louisiana rejected "the simple rule that no recovery of any kind can be had for fright occasioned by the negligence of another," concluding that "[u]nder our jurisprudence and special laws [Civil Code articles 2315–17], we would not be justified if we were to adopt [that] simple rule." The court declared that in Louisiana "mental distress was considered as ground sufficient to decree damages." *Id.*

In *Laird v. Natchitoches Oil Mill*, 10 La.App. 191, 120 So. 692 (1929), a truck collided with a bicycle ridden by a 12-year-old boy. The bicycle was demolished but the youth sustained no physical injury. In upholding an award for fright, *citing Stewart* and other cases by the Louisiana high court, Louisiana's Second Circuit Court of Appeal held:

> There is a conflict of opinion in other jurisdictions as to whether or not there can be a recovery for fright or the physical consequences resulting therefrom, where there is not any contemporaneous physical injury; however, under article 2315 of the Civil Code, which declares that every act whatever of man that causes damages to another obliges him by whose fault it happened to repair it, it is at least recognized that the physical consequences resulting from fright may be properly considered in estimating damages, although the fright was unaccompanied by a contemporaneous physical injury.

*Laird*, 120 So. at 693. Other early cases awarding recovery for fright unaccompanied by physical injury include *Klein v. Medical Bldg. Realty Co.*, 147 So. 122 (La. App.1933), and *Pecoraro v. Kopanica*, 173 So. 203 (La.App.1937).

For over two decades, this court has recognized Louisiana's rule, noting that the elements for recovery include fright or shock and presence in or near an accident scene. *Clegg v. Hardware Mut. Cas. Co.*, 264 F.2d 152 (5th Cir.1959); *Sahuc v. United States Fidelity & Guaranty Co.*, 320 F.2d 18 (5th Cir.1963). *See generally, Turgeau v. Pan American World Airways, Inc.*, 764 F.2d 1084 (5th Cir.1985).

The noted scholars and commentators on tort law, William L. Prosser and W. Page Keeton have chronicled a small number of jurisdictions, including Louisiana, which permit recovery for "mental disturbance, without accompanying physical injury, illness, or other physical consequences," and for "serious emotional distress, without regard to whether the plaintiff suffered any physical injury or illness." *Prosser and Keeton on Torts* § 54, at 361 & n. 22, and 364–65 & n. 59 (Keeton, Dobbs, Keeton & Owens, eds., 1984).

Borden suggests that recent decisions have tended to withdraw from the earlier position taken by Louisiana's courts. We are not persuaded. Our reading of the latest decisions convinces us that the action for negligently inflicted mental anguish arising from fright, fear, or distress, has, if anything, become more firmly established. Louisiana jurists have declined to follow the lead of their common law colleagues, who have disallowed recovery for mental anguish alone because of real or imagined difficulties of proof or because of other public policy considerations.

The Louisiana courts have allowed recovery for mental anguish, dehors any physical injury, caused by the ordeal of an accident, as well as for mental anguish extant in situations involving the damages of property in view. *See, e.g., Rezza v. Czif-*

*fer*, 186 So.2d 174 (La.App.1966) (negligence survival action, fright suffered by decedent); *Speight v. Southern Farm Bureau Ins. Co.*, 254 So.2d 485 (La.App.1971) (negligence, personal fright); *Hoffman v. All Star Ins. Corp.*, 288 So.2d 388 (La. App.), *cert. denied*, 290 So.2d 909 (La.1974) (strict liability, personal fright); *Butler v. Pardue*, 415 So.2d 249 (La.App.1982) (negligence, personal fright); *Chappetta v. Bowman Transportation, Inc.*, 415 So.2d 1019 (La.App.1982) (negligence, personal fright); *Dawson v. James H. Stuart & Deaton, Inc.*, 437 So.2d 974 (La.App.1983) (negligence, personal fright); *Farr v. Johnson*, 308 So.2d 884 (La.App.1975) (property damage); *Meshell v. Ins. Co. of North America*, 416 So.2d 1383 (La.App.1982) (property damage); *Carroll v. State Farm Ins. Co.*, 427 So.2d 24 (La.App.1983) (property damage).

Viewed against this backdrop of Louisiana law, we find that the jury charge accurately and adequately stated Louisiana's rules governing the recovery for mental anguish in a case such as is here presented.

*The Second Disclaimer*

Borden argues that the trial court erred in refusing to charge the jury that one may not recover for the mental anguish attendant upon viewing the peril and injury of another even if one suffers a physical injury. We find no merit in this assignment of error. The suggested addendum would have been superfluous.[2]

In sum, the charge as given correctly captured the essence of Louisiana law governing mental anguish recovery, and fairly and accurately instructed the jury on the pertinent substantive law of Louisiana applicable to the case before it. The assigned errors are without merit.

AFFIRMED.

**2.** We note in passing that Louisiana law appears to allow recovery for the mental anguish caused by viewing the peril or injury of another in two restricted instances: (1) where provided by Louisiana's Wrongful Death Act, *see* La.Civil Code art. 2315; and (2) where defendant's activity or conduct breaches a primary and independent duty owed to the bystander. *Blackwell v. Oser,*

436 So.2d 1293 (La.App.), *cert. denied,* 442 So.2d 453 (La.1983); *see Spencer v. Terebelo,* 373 So.2d 200 (La.App.1979); *see generally* Robertson, *Torts,* 23 La.L.Rev. 281 (1963); Stone, *Louisiana Tort Doctrine: Emotional Distress Occasioned by Another's Peril,* 48 Tul.L.Rev. 782 (1974).