Opal BODE and George Bode, Jr., Individually and On Behalf of the Minors, Lisa Marie Bode and Stephanie Lynn Bode, Plaintiffs-Appellees,

Colonial Mortgage Company, Intervenor-Appellee,

v.

PAN AMERICAN WORLD AIRWAYS, INC. and Travelers Indemnity Company, Defendants-Appellants.

Theresa MARVIN, Individually and On Behalf of her minor daughter, Shannon Marvin, Plaintiff-Appellee,

v.

PAN AMERICAN WORLD AIRWAYS, INC. and Travelers Indemnity Company, Defendants-Appellants.

No. 84–3416.

United States Court of Appeals, Fifth Circuit.

April 7, 1986.

Francis G. Weller, Deutsch, Kerrigan & Stiles, Marc J. Yellin, Emmet J. Schwartzman, Frederick R. Bott, New Orleans, La., for defendants-appellants.

Nick F. Noriea, Jr., New Orleans, La., for Bode, et al.

Bagot & Gniady, Michael H. Bagot, John H. Gniady, New Orleans, La., for Colonial Mortg.

Before WISDOM and POLITZ, Circuit Judges.*

POLITZ, Circuit Judge:

This chapter in the judicial culmination of the tragic crash of Pan American World Airways Flight 759, on takeoff from Moisant International Airport on July 9, 1982, involves bystanders and near-bystanders. The plaintiffs are Opal Bode and George Bode, Jr., whose home was within 50 feet of the point of impact; their daughter Stephanie Lynn, who was home with her mother at the time of the crash; their daughter Lisa Marie, who was running home from a neighbor's house and was approximately 100 feet from the crash site; Opal Bode's niece Shannon Marvin, who was in the Bode home; and Shannon's mother, Theresa Marvin, the sister of Opal Bode. After a trial limited to damages only, the jury returned a verdict, set out in capsule form in the margin,[1] in favor of the Bodes and the Marvins. Following denial of their motion for new trial or remittitur, defendants appeal, challenging (1) the awards for mental anguish to George Bode, Jr. and Theresa Marvin, who sustained no physical injuries and were not in the vicinity of the crash; (2) the mental anguish awards to Opal, Lisa and Stephanie Bode, and Shannon Marvin; and (3) the casting of Travelers Indemnity Company in judgment.[2] We vacate the judgments insofar as they relate to awards for mental anguish and remand for new trial on that issue. We further vacate the judgment against Travelers.

## FACTUAL CONTEXT

George and Opal Bode and their minor children Lisa and Stephanie, lived at 1701 Hudson Street, Kenner, Louisiana. Theresa Marvin, her minor daughter Shannon, and her son Barrett also resided there.

Around 4:00 P.M. on that fatal day, Opal Bode was preparing a meal. Stephanie and Shannon were in the Bode home; Lisa was returning home from the nearby residence of a friend. Suddenly, Pan American's Boeing 727 crashed at the intersection of

---

* Due to his death on March 27, 1986, Judge Albert Tate, Jr. did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. 46(d).

1.  A.  THE BODES:

| | | |
|---|---|---|
| i. | Damage to home | $88,000 |
| ii. | Damage to contents of home | 9,800 |
| iii. | Living expenses and inconvenience in relocation | 35,000 |
| iv. | Opal—physical pain & suffering | 2,000 |
| v. | Opal—mental anguish | 100,000 |
| vi. | George—mental anguish | 25,000 |
| vii. | Lisa—mental anguish | 10,000 |
| viii. | Stephanie—mental anguish | 10,000 |
| ix. | Past medical expenses | 3,368 |
| x. | Future medical expenses | 3,200 |
| xi. | Opal—lost income (past & future) | 25,000 |
| xii. | George—lost income | 3,000 |

B.  THE MARVINS:

| | | |
|---|---|---|
| i. | Theresa—mental anguish | $2,000 |
| ii. | Shannon—mental anguish | 7,500 |
| iii. | Past medical expenses | 425 |
| iv. | Future medical expense | 285 |
| v. | Theresa—lost income | 340 |
| vi. | Damage to physical possessions | 2,500 |

2.  Before trial, all parties stipulated that the defendants would be limited to Pan Am and the United States.

Hudson and Seventeenth Streets, 30 feet or so from the south side of the Bode home.

The forces generated by the initial impact shattered the windows on the south side of the Bode residence and fire, fumes, and smoke immediately engulfed the structure. A driving rainstorm was simultaneously pelting the area. Mrs. Bode could hear the people aboard the aircraft screaming. She quickly took Stephanie and Shannon and started to exit through the carport but was met by a wall of flames, smoke, and debris. To escape on the north side required scaling a seven-foot wooden fence. Mrs. Bode quickly lifted and pushed the two children over the fence and followed behind them, injuring herself. All the while she prayed that she would be able to find Lisa, whom she knew to be in the immediate vicinity on her way home, and her nephew Barrett Marvin who had called minutes before and said he also was on his way home.

After clearing the fence, Mrs. Bode turned in the direction of the crash, just as the aircraft exploded, hurtling myriad particles, including parts of human bodies, in every direction. In a near-panic, she guided the children through flame, smoke, and explosions, skirting debris and fallen electric wires, until she finally reached a point where others rendered aid and transported them to safety. She did not then know of the fate of her daughter and nephew.

When the plane crashed and exploded Lisa realized she could not continue home. She turned around and ran for her life, not realizing the extent of the tragedy that had just occurred but knowing that something awful and overwhelmingly frightening had happened. She was ultimately taken to a place of safety and rejoined her mother and sister.

At the time of the crash George Bode, an employee of Delta Airlines, was working at Moisant International Airport. Learning of the accident and realizing that it had occurred in his neighborhood, he attempted to go home but was prevented by the civil authorities from entering the area. Bode could not see his house and did not know of the condition of the members of his family, but he was aware that a catastrophe of major proportions had happened and that they were in obvious jeopardy. He finally determined that his wife and children were safe at the home of a friend.

Theresa Marvin, working nearby, felt and heard the crash and explosion and was immediately aware of its proximity to the Bode home. Her attempts to go home were also thwarted by the civil authorities. The whole area was blanketed in smoke and fire and she thought a nearby burning residence was the Bode home. Eventually she made her way to the home of the neighbor harboring her sister, niece, and daughter, but the whereabouts and safety of her son Barrett continued unknown for some time. She testified of her distress and anxiety over the safety of her children, sister, and nieces.

The Bode home was irreparably damaged as a consequence of the crash and condemned and razed by the local authorities. Besides their home the Bodes lost personal possessions, and all suffered psychic injuries diagnosed as posttraumatic stress disorder. In addition, Opal Bode suffered a physical injury in the escape from the house and, as a consequence of the catastrophe's impact on her life, was temporarily unable to work. George Bode missed work because of the condition of his family members and the loss of their home and possessions.

Theresa and Shannon Marvin sustained the same psychic injuries as that suffered by the Bodes. In addition, Theresa Marvin lost personal possessions and suffered a loss of income.

## ANALYSIS

■ The principal issue raised on appeal is the adequacy of the jury charge on the question of damages for mental anguish. Defendants made timely objection, Fed.R.Civ.P. 51, and our review includes an assessment of the challenged charge both individually and as part of the integrated whole. If, considering the totality of the

charge, we find that the instructions "are comprehensive, balanced, fundamentally accurate, and not likely to confuse or mislead the jury, the charge will be deemed adequate." *Scheib v. Williams-McWilliams Co., Inc.*, 628 F.2d 509, 511 (5th Cir.1980). In fashioning instructions the trial courts are accorded substantial latitude, *Corey v. Jones*, 650 F.2d 803 (5th Cir.1981), and "their charge need not be faultless," *Howard v. General Cable Corp.*, 674 F.2d 351, 356 (5th Cir.1982), but we must reverse when we have a substantial doubt that the jury has been "fairly guided in its deliberations." *Mid-Texas Communications v. American Tel. & Tel. Co.*, 615 F.2d 1372, 1390 n. 16 (5th Cir.), *cert. denied sub nom. Woodlands Telecommunications Corp. v. Southwestern Bell Tel. Co.*, 449 U.S. 912, 101 S.Ct. 286, 66 L.Ed.2d 140 (1980); *Ware v. Reed*, 709 F.2d 345 (5th Cir.1983). We find that the challenged instruction falls below this circuit's threshold of acceptable jury guidance.

In the instruction which appellants contend erroneously or inadequately informed the jury of controlling Louisiana law, the court stated:

> As you know, the plaintiffs claim mental or emotional injuries that were sustained as a result of the plane crash. You may award damages to the extent that you find those damages have been proved by a preponderance of evidence for mental anguish, fear, fright and anxiety suffered by each of these plaintiffs as a direct result of the crash.

■ We conclude that this terse instruction did not adequately inform the jury of the law of Louisiana governing recovery for mental anguish, particularly the anguish or distress of a bystander witnessing the peril or injury suffered by another. Appellants maintain that the district court erred in failing to inform the jury that under Louisiana law damages are not recoverable for mental anguish resulting from witnessing the damage to another's property or witnessing the peril, injury, or death of another. We agree.

Louisiana, unlike other jurisdictions, has long recognized a cause of action for negligently caused fright or anguish. *Mayo v. Borden, Inc.*, 784 F.2d 671 (5th Cir.1986) and Louisiana authorities cited therein. One may recover, however, only for mental anguish resulting from fear or fright over one's own well-being or from the damage to one's property in view. *See, e.g., Hymel v. Tom Alexander Brokerage Co.*, 348 So.2d 104 (La.App.), *cert. denied sub nom. Jacob v. Tom Alexander Brokerage Co.*, 350 So.2d 894 (La.1977); *Rezza v. Cziffer*, 186 So.2d 174 (La.App.1966) (negligence survival action, fright suffered by decedent); *Speight v. Southern Farm Bureau Ins. Co.*, 254 So.2d 485 (La.App.1971) (negligence, personal fright); *Hoffman v. All Star Ins. Corp.*, 288 So.2d 388 (La.App.), *cert. denied*, 290 So.2d 909 (La.1974) (strict liability, personal fright); *Butler v. Pardue*, 415 So.2d 249 (La.App.1982) (negligence, personal fright); *Chappetta v. Bowman Transportation, Inc.*, 415 So.2d 1019 (La.App.1982) (negligence, personal fright); *Dawson v. James H. Stuart & Deaton, Inc.*, 437 So.2d 974 (La.App.1983) (negligence, personal fright); *Farr v. Johnson*, 308 So.2d 884 (La.App.1975) (property damage); *Meshell v. Ins. Co. of North America*, 416 So.2d 1383 (La.App.1982) (property damage); *Carroll v. State Farm Ins. Co.*, 427 So.2d 24 (La.App.1983) (property damage).

■ Recovery for mental anguish by the Bodes and the Marvins must be limited to fear or fright for their own safety, or because of damage to their property in their presence.

The record contains a plethora of evidence, both direct and circumstantial, that Opal, Stephanie and Lisa Bode, and Shannon Marvin suffered from fear and fright for their own safety while the ordeal was in progress. As applicable, this also applied to destruction of belongings in view. But the record also contains evidence that they suffered mental anguish over the peril, injury, and death suffered by friends and neighbors, and because of the general destruction of the neighborhood. The jury

received no guidance that mental anguish occasioned by the latter factors is not compensable under Louisiana law. This failure mandates a reversal for retrial on this element of damages before a jury properly advised of the controlling rubrics. *See generally Mayo v. Borden; Tudela v. Pan Am,* 764 F.2d 1082 (5th Cir.1985); *Turgeau v. Pan Am,* 764 F.2d 1084 (5th Cir.1985); *LeConte v. Pan Am,* 736 F.2d 1019 (5th Cir.1984); *Black v. Carrollton R.R.,* 10 La.Ann. 33 (1855); *Kaufman v. Clark,* 141 La. 316, 75 So. 65 (La.1917); *Lloyd v. Louisiana,* 395 So.2d 1385 (La.App.1981); *Cabone v. Melba Ice Cream Co.,* 423 So.2d 739 (La.App.1982); *Dugas v. St. Martin Parish Police Jury,* 351 So.2d 271, 276 (La.App.1977), *cert. denied,* 358 So.2d 1046 (La.1978) ("According to Louisiana jurisprudence as regards an award for mental anguish as a result of damage to property, recovery is normally permitted in but four instances: (1) property is damaged by an intentional or illegal act; (2) property is damaged by acts for which the tort-feasor will be strictly or absolutely liable; (3) property is damaged by acts constituting a continuous nuisance; (4) property is damaged at a time in which the owner thereof is present or situated nearby and the owner experiences trauma as a result.").

Further, we cannot tell from the record whether the awards for mental anguish to George Bode and Theresa Marvin included recovery for any element not permitted by Louisiana law. On remand, charged properly as to Louisiana law, the jury will have the requisite guidance on this issue.

The judgments awarding recovery for mental anguish are vacated, and the matter is remanded for new trial limited to that element of damages.

■ Travelers Indemnity Company was cast in damages. This is inconsistent with a stipulation of record in which plaintiffs-appellees agreed to dismiss all defendants "other than Pan American and the United States ... with prejudice." Accordingly, we vacate the judgment against Travelers and remand with instructions that the district court dismiss all claims against it with prejudice. *See Giancontieri v. Pan Am.,* 767 F.2d 1151 (5th Cir.1985).

In all other respects the judgment of the court unchallenged and unaffected by this decision, is affirmed.

VACATED in part and REMANDED.