352 So.2d 320 (1977)
Edward L. ARDOYNO, Jr., William J. Mora, III and the Law Partnership known as Mora and Ardoyno
v.
Leonard S. UNGAR, Harris M. Dulitz, Stanley J. Jacobs, Kenneth W. Manuel, and James Robert Kyzar.
No. 8408.
Court of Appeal of Louisiana, Fourth Circuit.
November 10, 1977.
Rehearing Denied December 13, 1977.
Writ Refused January 30, 1978.
*321 George M. Papale, Gretna, for plaintiffs-appellants.
Wiedemann & Fransen, A. Remy Fransen, Jr., New Orleans, for defendants-appellees.
Before LEMMON, GULOTTA and SCHOTT, JJ.
LEMMON, Judge.
Plaintiffs, a two-man partnership in law practice and the two firm members, sued four attorneys (Leonard Ungar, Harris Dulitz, Stanley Jacobs and Kenneth Manuel) and Robert Kyzar, allegedly an employee of the four attorneys, for damages for defamation, interference with plaintiffs' business, and interference with a contract between plaintiffs and a particular client. Kyzar answered, but the other four defendants filed exceptions of no cause of action, lack of jurisdiction over the subject matter, improper cumulation of actions and improper joinder of parties. The trial court maintained the exceptions of improper cumulation and improper joinder and overruled the other exceptions. Plaintiffs have appealed.
The petition alleged that on January 7, 1976 Kyzar made certain specified false statements defaming plaintiffs to plaintiffs' client, Ed Fauver, while in the course and scope of his employment with the other four defendants and with their knowledge and consent; that on January 9, 1976 Kyzar and Ungar verbally defamed plaintiffs to Fauver; and that in defaming plaintiffs Ungar acted as a partner of the other three attorneys, with their knowledge, consent and acquiescence and on business recognized and approved by them as partnership business.
Defendant attorneys, citing McGee v. Collins, 156 La. 291, 100 So. 430 (1924), based their exceptions on the general rule that two persons cannot be joined in an action for personal slander by words. Plaintiffs point out, however, that the McGee case is distinguishable because the court in that case specifically noted there were no allegations that the three defendants were connected in a conspiracy.
Slander, being an individual tort, is incapable of joint commission and generally does not give rise to solidary liability.[1] However, a major exception to the general rule is that statements made pursuant to a conspiracy to defame can create solidary liability as to all persons connected in the conspiracy. C.C. art. 2324; 26 A.L.R.2d 1031, § 3 (1952). Another exception to the general rule is that an employer and employee are solidarily liable for a defamatory statement by the employee, within the course and scope of his employment, at least when the defamation was authorized or ratified by the employer. C.C. art. 2320; Wisemore v. First Nat'l. Life Ins. Co., 190 La. 1011, 183 So. 247 (1938).
In the present case the four attorneys were properly joined as defendants on the basis of allegations that they were vicariously liable for the slanderous statements of their employee.[2] Furthermore, the allegation that Ungar's defamatory statement was made in promoting the firm's business, with the consent and knowledge of the other partners, if proved, *322 would render the partnership and each partner liable for the tort, and the three other attorneys were properly joined as defendants as to that tort. See C.C.P. art. 647. Finally, the two actions based on the specified incidents were properly cumulated, inasmuch as the allegations of conspiracy established the requisite community of interest between the parties joined. C.C.P. art. 463.[3] Cumulation of the actions and joinder of the parties will facilitate the determination by the trier of fact of the issues of conspiracy, employer-employee relationship, and other such facts bearing on the questions of solidary liability and extent of damages.
Accordingly, the judgment of the trial court is reversed, and it is now ordered that the exceptions of improper cumulation of actions and improper joinder of parties be overruled. The case is remanded for further proceedings.
REVERSED AND RENDERED, REMANDED.
NOTES
[1] One reason for refusing generally to impose solidary liability is that separate utterances (even of the same words) by different persons constitute distinct offenses and can give rise to different damages. See McKnight v. Scott, 130 So.2d 681 (La.App. 1st Cir. 1961).
[2] The partnership was not joined as a party, possibly giving rise to problems under C.C.P. art. 737 if the suit is one "on a partnership obligation". However, the present pleadings allege Kyzar was an employee of the four individuals, and any issue as to whether Kyzar was an employee (and who his employer was) remains to be decided at a trial on the merits.
[3] One reason for approving cumulation when a conspiracy is alleged is that the fact of a conspiracy may bear substantially on the issue of damages and may make separate defamatory statements relevant to each other. In the community of interest inquiry involving the issue of damages, the reason for approving cumulation is the converse of the reason for requiring separation when there is no relationship between two separate slanders committed by two separate individuals. See, by analogy, Miller v. Commercial Union Cos., 305 So.2d 560 (La. App. 2nd Cir. 1974).