478 So.2d 916 (1985)
Deborah A. SKORLICH, Wife of/and Milton M. Skorlich, Jr., Individually and as Natural Tutrix and Tutor of the Minor Nicole Elizabeth Skorlich
v.
EAST JEFFERSON GENERAL HOSPITAL, Aynaud M. Hebert and Alfred G. Wiedemann, Jr.
Nos. 85-CA-128, 85-CA-129.
Court of Appeal of Louisiana, Fifth Circuit.
September 16, 1985.
Rehearing Denied December 17, 1985.
Donna S. Cummings, Cummings & Cummings, New Orleans, for plaintiffs-appellants.
Richard B. Eason, II, Lawrence L. McNamara, Donald C. Massey, F. Lee Butler, Adams & Reese, Carl J. Schumacher, Jr., C. David Schumacher, Schumacher Law Corp., Ltd., New Orleans, for defendant-appellee, Aynaud M. Hebert, M.D.
James E. Hritz, Lucas J. Giordano, Stassi & Rausch, New Orleans, for defendant-appellee, East Jefferson General Hospital.
Paul B. Deal, Michael J. Furman, Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, for defendant-appellee, Alfred J. Wiedemann, Jr., M.D.
Before KLIEBERT, BOWES, GAUDIN, GRISBAUM and DUFRESNE, JJ.
KLIEBERT, Judge.
This is an appeal by one of the plaintiffs, Milton Skorlich, Jr., the father of the injured minor child, Nicole Elizabeth Skorlich, from a judgment sustaining defendant-physician's, Aynaud M. Hebert, M.D.'s exceptions of no right and no cause of action and motion to strike his individual damage claim for physical and mental pain and suffering arising out of the injury to his minor child.
Plaintiffs, the mother and father, individually and as natural tutrix and tutor of Nicole alleged in their petition that their child had suffered damages during birth due to the negligence of Dr. Hebert, who delivered her, and of East Jefferson General Hospital for failing to properly supervise the doctor. Their allegation of damages reads as follows:
As a result of the negligence of the defendants, as alleged above, petitioners have sustained damages as follows:

a. Medical expenses, past and future $ 500,000.00
b. Physical pain and suffering of
 the minor, Nicole Elizabeth
 Skorlich, past and future 1,000,000.00
c. Mental pain and suffering of
 the minor, Nicole Elizabeth
 Skorlich, past and future 1,000,000.00
d. Physical and mental disability
 of the minor, Nicole Elizabeth
 Skorlich, past and future 2,500,000.00
e. Physical and mental pain and
 suffering of Deborah A. Skorlich,
 wife of/and Milton M.
 Skorlich, past and future 1,000,000.00
 _____________
 TOTAL $6,000,000.00

*917 Defendant, Aynaud Hebert, filed an exception of no right of action, no cause of action, and a motion to strike. The exceptions and the motion were grounded in the contention plaintiffs, Deborah and Milton Skorlich, could not recover for their physical or mental suffering as a result of the injuries sustained by their minor child. The trial court maintained the exceptions as to the father, Milton Skorlich, but dismissed it as to the mother, Deborah Skorlich.
Milton Skorlich brought this appeal. Defendants neither appealed nor answered the appeal. Thus, this case presents the very narrow issue of whether a father has a cause of action against the physician attending the delivery for a negligent injury to his child during the birth process. We believe he does and accordingly reverse the trial court.
In a factual situation almost identical to this case, the Fourth Circuit Court of Appeal, in Blackwell v. Oser, 436 So.2d 1293 (4th Cir.1983), maintained an exception of no cause of action against the father's claim but refused to maintain the exception as to the mother. Judge Augustine, as the organ of the court, set out the history of the Louisiana rule which generally disallowed recovery from the tortfeasor for a person's mental anguish resulting from the personal injury to a third person. He distinguished the claim of the father and mother on the following reasoning, appearing at page 1299 of the opinion:
"[2, 3] We hold to the contrary, for unquestionably, the duty owed by an obstetrician toward his patient, a pregnant mother, includes the obligation to avoid treating her in such a manner as to cause injury to the child. For there to be a breach of this duty, it is not necessary that the mother suffer physical injury. It is sufficient that the physician's negligent treatment of the mother caused injury to the child. These facts have been adequately alleged in Mrs. Blackwell's petition, and having successfully pleaded Dr. Oser's breach of an independent duty owed directly to her, there is no impediment to Mrs. Blackwell's recovery of damages for mental anguish for the injury to her son."
One member of the panel agreed with the reasoning but nevertheless believed the father had a cause of action in contract. (See Judge Lobrano's dissent in Blackwell, supra, at page 1300.) The Supreme Court denied an application for writs of review at 442 So.2d 453 (La.1983).
As we understand the legal logic, the generally accepted rule disallowing recovery from a tortfeasor of damage claims for emotional distress or mental anguish of one person arising out of the tortfeasor's injury to another person was predicated on the proximate cause analysis of the common law arising out of the landmark case, Palsgraf v. Long Island R.R. Co., 248 N.Y. 339, 162 N.E. 99 (1928). Under that standard, damages, such as that claimed by the father here, was considered too indirect to permit recovery. Presently, however, the liability of the tortfeasor is predicated on a duty risk analysis more common to the civil law. In order to limit the otherwise potential infinite liability which would follow every negligent act, our law holds the defendant liable only for injuries to others, which, to defendant at the time, were reasonably foreseeable. Essentially, under a duty risk analysis, the actor (here the defendant-doctor) owes a duty of care to all persons who are foreseeably endangered by his conduct with respect to all risk which makes the conduct unreasonably dangerous. Although we concur with the duty risk analysis of the Fourth Circuit, we disagree with the conclusion that the defendant-physician has no duty to the father to protect against the particular risk involved; i.e., delivery of an injured child.
In the Blackwell case, supra, the court reasoned that the duty owed by an obstetrician toward his patient, a pregnant mother, includes the obligation to avoid treating her in such a manner as to cause injury to the child. Under the circumstances involved here, we believe the duty of the physician is greater.
*918 The petition alleges that the plaintiffmother contracted for the services of a gynecological and obstetrical physician and surgeon because she was pregnant. The prime purpose of the employment was for the physician to use his skills in delivering the fetus without injury to the mother or the child, either of which are foreseeable risks of the pregnancy. In essence, the object of the undertaking is for the physician to treat the pregnancy which was created by the joint efforts of the father and mother. Although the father does not carry the fetus within his own body, it is his seed which created the fetus and thus imposed on him the obligation to care, protect and raise the fetus to adulthood. For that reason, the duty of the physician not to negligently injure the child during the birth process is a duty owed to the father as well as to the mother. There is no logical or reasonable basis for distinguishing between the father and mother.
For the above reasons, we reverse the ruling of the trial judge and remand the case for further proceedings. The defendant is to pay the cost of the appeal.
REVERSED AND REMANDED.
GAUDIN, J., dissents.
GAUDIN, Judge, dissenting.
I respectfully dissent, being of the opinion that the trial judge properly and in line with current jurisprudence maintained the exceptions of no right and no cause of action and granted the motion to strike.