489 So.2d 409 (1986)
Robert Edward SMITH, Plaintiff-Appellee,
v.
Alexis MAHFOUZ, et al, Defendants-Appellants.
No. 84-1129.
Court of Appeal of Louisiana, Third Circuit.
May 14, 1986.
Rehearing Denied June 25, 1986.
*410 Voorhies & Labbe, H.D. Melton, III, Lafayette, for defendants-appellants.
Onebane & Associates, Chris Robbins, Lafayette, for plaintiff-appellee.
Before FORET, YELVERTON and KNOLL, JJ.
FORET, Judge.
This is a suit for permanent injunction. Plaintiff, Robert Edward Smith, sued to enjoin defendants, Alexis Mahfouz, Patsy M. Mahfouz, Leslie Jo Mahfouz, Alexis A. Mahfouz, Jr., Tite Baudoin, Eva B. Baudoin, and Edmond Dupre, from impeding his right-of-passage over a public road. The trial court granted plaintiff a permanent injunction against all defendants, and awarded $14,000 damages against Alexis Mahouz only, for emotional distress resulting from the latter's past obstruction of the road, plus $60 for the cost of replacing a cattleguard. Defendants have appealed the trial court's ruling, urging five specifications of error.

FACTS
The plaintiff acquired 8.961 acres on May 24, 1974, from Jules and Edna Trosclair. Attached to this sale was a survey showing what is now the Smith property and the Mahfouz property. North of the Mahfouz tract lies Louisiana Highway 94. The highway is otherwise known as the Breaux Bridge-Lafayette Road. The plat depicts a road traversing the plaintiff's and defendants' properties. The road through the defendants' property is in controversy.
From 1938 to 1950, the road was used for passage from the Breaux Bridge-Lafayette *411 Road through the Trosclair land to tracts south of it. In 1955, an oil company was granted a right-of-passage to improve the road to facilitate access to a proposed well site. After 1955, the oil company continued to maintain the road in order to service wells south of the Breaux Bridge-Lafayette Highway.
The disputed road was graded and graveled with police jury equipment by police jury employees paid with police jury funds. It was maintained by the police jury from 1949 through 1955, when the oil company began to maintain it. The road was used by the public in order to reach land to the south to fish, crawfish, hunt, dump trash, and have access to homes.
As stated by the trial judge in his reasons for judgment:
"The evidence is therefore very convincing that the Police Jury of St. Martin Parish, starting in either 1948 or 1949, relocated the road shown in red on Exhibit A to the location presently shown on Exhibit A, and that this was done with parish funds and with parish equipment, that from this time until 1955 they made frequent and regular maintenance of the road in question at least some distance south of the Trosclair residence. It has been used by the public since then."
On June 3, 1983, Alexis Mahfouz notified plaintiff that he planned to close the road. Plaintiff responded on June 15, 1983, stating that the road was public.
The defendants acquired the property some eight years after the plaintiff had acquired his. It was apparent that a road passed through defendants' property at the time they bought it.
Plaintiff and defendant, Alexis Mahfouz, discussed a right of way, but the discussions never ended satisfactorily. Alexis Mahfouz then blocked the passage to plaintiff's tract. Trees were deliberately felled across the roadway with the admitted intent of forcing plaintiff to enter into an owner's contract for a paid right-of-passage. The trees were down for a two-week period, during which plaintiff had to park his car at the blockade and walk 700 feet to his residence. Plaintiff's office and residence are located on this tract.
Alexis additionally uprooted a cattleguard, creating a bumpy stretch of road. Alexis testified he acted purposefully, aware that his actions would prevent access to plaintiff's land. Defendants made no serious efforts to resolve the problems amicably.

APPLICABILITY OF LSA-R.S. 48:491
All defendants contend that LSA-R.S. 48:491, as amended by Act 944 of 1984, should apply to this case. The amended version of 48:491 provides for written notice to be given the landowners of the maintenance of their private road within two years and ten months of commencement of the maintenance. This statute gives the landowner the opportunity to protest the maintenance before the passage of the three-year period. LSA-R.S. 48:491, before the 1984 amendment, didn't provide for such written notice.
The record reflects that parish maintenance of the disputed road took place between 1948 and 1955, more than thirty years ago. Because the changes in R.S. 48:491 are substantive in nature and affect the rights of the public, we cannot give them retroactive application. The retroactive application of R.S. 48:491 as amended in 1984 would eliminate the public's right to passage over this road.
Accordingly, defendants' contention has no merit, and we affirm the trial court.

TRIAL COURT'S ERRONEOUS ASSESSMENT OF THE EVIDENCE
Defendants contend that the trial court erroneously assessed the evidence presented at trial and that it erred in failing to require plaintiff to prove that defendants had actual knowledge of parish maintenance. After the presentation of the case, the trial court concluded that the road became public by virtue of informal dedication. We agree and affirm the trial court's decision. The tacit dedication of *412 this road is founded upon LSA-R.S. 48:491. Jackson v. Town of Logansport, 322 So.2d 281 (La.App. 2 Cir.1975).
Whether or not a road has become tacitly dedicated to the public is a factual question. Sylvester v. St. Landry Parish Police Jury, 461 So.2d 534 (La.App. 3 Cir. 1984), writ denied, 462 So.2d 1266 (La. 1985). The trial court found that the parish had performed sufficient maintenance on the road for a period in excess of three years. Although defendants contend the testimony of plaintiff's witnesses was contradictory, we find no clear error. When there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on appeal absent clear error.
Defendants' other allegation has no merit. Tacit dedication does not require intent of the landowner to dedicate the property when there has been sufficient maintenance without protest. Without protestation by the landowner, he is presumed to have acquiesced therein. Wise v. Key, 445 So.2d 98 (La.App. 2 Cir.1984) and cases cited therein; Garner v. Waddill, 421 So.2d 1144 (La.App. 2 Cir.1982); Goree v. Midstates Oil Corporation, 205 La. 988, 18 So.2d 591 (1944). Whether or not defendants knew of the parish maintenance is irrelevant in this case since the tacit dedication took place long before defendants purchased their property. Wise, supra; Goree, supra.

ROAD WIDTH
The trial court established a sixty-foot width for the public road. Defendants contend an absence of evidence supporting such a width. Defendants argue that the width of the right-of-passage should be limited to the area actually maintained by the parish.
Because the record is devoid of credible evidence establishing a sixty-foot-wide servitude, we find no basis for the trial court's decision. We need not remand since we conclude that LSA-R.S. 48:495 is applicable.
LSA-R.S. 48:495 provides:

"All roads laid out in accordance with this Sub-part and all necessary bridges shall be at least twenty-five feet wide. When causeways on a road are made or repaired, they shall be at least fourteen feet wide. The earth necessary to raise or cover the causeway shall be taken from each side of the causeway equally, so as to form a drain on each side thereof." (emphasis ours.)
We interpret this statute to require tacitly dedicated roads, under LSA-R.S. 48:491(B), to be at least twenty-five feet wide. The Reporter's comments support our view and indicate that "all roads" was not defined in 48:495 because of the adequate definition in 48:491. Because tacitly dedicated roads are within the purview of "all roads," they must be at least twenty-five feet wide. R.S. 48:495; see also Village of Moreauville v. Boyer, 138 La. 1070, 71 So. 187 (1916). [The court limited the width of the public servitude along a navigable waterway to twenty-five feet because a need for more could not be found.]
The record, although devoid of evidence concerning the width of parish maintenance, does indicate that the road was wide enough for one car, parish tractors, and oil company vehicles to pass. Twenty-five feet should be sufficient for public passage.
Accordingly, we amend and limit the width of the servitude to twenty-five feet pursuant to R.S. 48:495.

EXCESSIVE DAMAGES
Plaintiff was awarded general damages in the amount of $1,000 per day that passage was impeded, to be assessed to Alexis. The total award was $14,000. Alexis Mahfouz contends this amount is excessive. However, according to the trial court's written reasons for judgment, the award for general damages was based upon intentional infliction of emotional distress, not *413 upon any of the grounds suggested by Alexis.
Louisiana law concerning damages for mental distress due to intentional acts is that the defendant must have desired the result or realized to a virtual certainty that the result would occur. Recovery for mental anguish is limited to instances of outrageous conduct. Steadman v. South Central Bell Telephone Company, 362 So.2d 1144 (La.App. 2 Cir.1978).
Compensatory damages may include awards for mental anguish caused by intentional violation of property rights even if the violation causes no pecuniary damage. Fassitt v. United T.V. Rental, Inc., 297 So.2d 283 (La.App. 4 Cir.1974); Loeblich v. Garnier, 113 So.2d 95 (La.App. 1 Cir.1959). In the area of non-pecuniary damages, i.e., damages for mental pain and anguish, much discretion is accorded the trial court. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Nickens v. McGehee, 184 So.2d 271 (La.App. 1 Cir.1966), writ denied, 249 La. 199, 186 So.2d 159 (1966).
The record in this case illustrates defendant's reprehensible conduct. Alexis intentionally felled trees and placed them across the road to prohibit plaintiff and anyone else, such as emergency vehicles, from using the road to reach plaintiff's property. Alexis Mahfouz testified that an ambulance could reach the property by helicopter. He further testified that he received notice from the plaintiff of the distinct possibility that the road was public in nature. Mahfouz also admitted to having removed one of the cattleguards near the boundary line of his property and plaintiff's property.
Plaintiff is a restoration consultant. His property is unusually valuable and irreplaceable. Three buildings on the property are registered with the National Register of Historic Places, as the buildings date to 1837. The interiors of the buildings have been decorated with valuable and irreplaceable works of art and furniture. The buildings are prone to fire because of their age, as the wood used in their construction has dried out considerably.
Considering that Alexis Mahfouz could have had this matter decided by instituting a declaratory action without ever having to block the road, and given the fact that Mahfouz realized to a virtual certainty that the plaintiff would suffer anxiety over the possibility of fire in such old buildings, we believe that the conduct exhibited was outrageous. Thus, it was entirely proper for the court to award damages for mental anguish in this case, and we find no abuse of discretion in the amount of damages awarded. Additionally, plaintiff conducted his business and professional activities out of his home, which he was unable to do because of Mahfouz's blocking the road for two weeks.

INCREASE IN AWARD AND ATTORNEY'S FEES
Plaintiff, answering the appeal, requests an increase in the general damages award and attorney's fees for the trial and appeal. Both requests are denied: the first for obvious reasons, and the second for reasons stated in the following paragraph.
Although plaintiff requested attorney's fees in his answer, he failed to brief this request. Issues that are not briefed are deemed to have been abandoned. Stephens v. State Through Department of Transportation and Development, 440 So.2d 920 (La.App. 2 Cir.1983), writ denied, 443 So.2d 1119 (La.1984); State v. Minix, 438 So.2d 1261 (La.App. 3 Cir.1983); Uniform Rules, Courts of Appeal, Rule 2-12.4. Furthermore, we know of no authority for an award of attorney's fees in this case.
For the above and foregoing reasons, the judgment of the trial court declaring the road in question to be a public road is affirmed; the judgment awarding a sixty-foot-wide servitude is reduced to a twenty-five-foot-wide servitude, exclusive of drainage ditches necessary and incidental to proper drainage of the roadway; increase in damages and award of attorney's fees are denied. Appellants are to bear all costs of this appeal.
*414 AFFIRMED IN PART, AMENDED IN PART, AND RENDERED.