516 So.2d 1199 (1987)
Bobby BUSH, Plaintiff-Appellant,
v.
FIDELITY & DEPOSIT COMPANY OF MARYLAND, et al., Defendants-Appellees.
No. 19135-CA.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1987.
Rehearing Denied January 14, 1988.
*1200 M. Randall Donald, Monroe, for Bobby Bush, plaintiff-appellant.
Wiener, Weiss, Madison & Howell by John M. Madison, Jr. and Mark Tatum, Shreveport, for Shelby Glasscock, Jr., defendants-appellees.
Before MARVIN, FRED W. JONES, Jr. and JASPER E. JONES, JJ.
MARVIN, Judge.
In this action for damages arising out of alleged false statements in a letter by a bank officer to Farmers Home Administration, guarantor of plaintiff's bank loan, plaintiff appeals a summary judgment dismissing plaintiff's demands against the bank officer individually.
Plaintiff argues that he has asserted sufficient facts to allege various causes of action including defamation, fraud, breach of fiduciary duty, lack of good faith in the bank's dealings with plaintiff, duress and economic coercion.
We notice that plaintiff has not alleged a cause of action against the bank officer individually. We set aside the summary judgment, decree that plaintiff has not alleged a cause of action against the bank officer individually, and allow plaintiff 15 days to amend his petition or otherwise suffer dismissal of his demands against the bank officer. CCP Arts. 927, 934.

FACTS
Plaintiff, a dairyman, borrowed $68,000 from the bank of June 29, 1978, under a lender's agreement with FmHA guaranteeing 90 percent of the loan. The loan was payable in monthly installments of almost $1,100 and was secured by mortgage of plaintiff's dairy cattle.
The loan was in arrears and by March 1984 plaintiff owed $62,758 on the loan. In late March or early April 1984 plaintiff assigned to the bank $62,758 of the proceeds due him under the USDA Milk Diversion Program. This program would pay plaintiff for reducing his milk production. Defendant Glasscock was the bank officer who accepted the assignment of diversion funds.
Under the initial lender's agreement containing FmHA's guarantee, FmHA was empowered to direct the bank to transfer its rights as lender to FmHA to allow liquidation of the loan. By letter about April 27, 1984, FmHA informed the bank, through Glasscock, of its obligation to notify FmHA, as guarantor, that plaintiff's loan was more than 60 days delinquent and of the prospects for liquidating the loan. The FmHA letter stated:
... if an account is thirty days delinquent a written statement must be submitted to Farmer's Home Administration.
Presently, [plaintiff's] loan account is over sixty days past due.
Please comply with this request as soon as possible. Should this letter not be sent, the Bank could jeopardize [the] guarantee on this loan.
About 10 days before (on April 17), the diversion program paid the bank $9,946 under the earlier assignment made by plaintiff. This amount was applied to plaintiff's delinquent balance. There is no allegation or evidence that Glasscock was aware of this payment.
On April 27 Glasscock wrote FmHA, as FmHA had directed, that plaintiff
is more than 60 days delinquent ... and with all likelihood will not be able to make any progress in the near future.
*1201 On receipt of this letter, FmHA, apparently also unaware of the April 17 diversion payment, in several letters to the bank between April 30 and May 9, 1984, effectively directed the bank to submit a plan to liquidate plaintiff's loan and bring legal action against plaintiff. The bank then informed plaintiff of its intent to accelerate full payment and foreclose on plaintiff's dairy cattle. Plaintiff alleges that he sold his cattle at private auction on May 23, 1984.
After plaintiff sold his cattle, other diversion payments totaling at least $17,000 were made to the bank for plaintiff's credit on July 17 and November 26, 1984, and on February 15, 1985.
Plaintiff brought his action on April 17, 1985, against the insurer of the bank. The bank and Glasscock were later joined as co-defendants. Plaintiff effectively alleged the facts which we have summarized and included these allegations with respect to Glasscock:
that the Assistant Vice-President of the Bank ... Glasscock ... as a representative and officer of the Bank made the statements [in the letter, which were alleged to be "totally erroneous" and]
that during the late year 1983 and early 1984, plaintiff was negotiating with the bank through [Glasscock] ... for an extension and renewal of the loan.
Plaintiff argues that he has "alleged various causes of action including defamation, fraud, breach of fiduciary duty, lack of good faith in the bank's dealings with plaintiff, duress and economic coercion." The critical question is more specifically directed to whether plaintiff has alleged a cause of action against Glasscock, individually, who plaintiff alleges was acting in the respects complained of "as a representative and officer of the Bank."
Glasscock is not alleged to have personally bound himself in any respect to plaintiff or to have exceeded his authority as an officer or representative of the bank. Glasscock is not alleged to have acted in any capacity with respect to plaintiff other than as an officer and representative of the bank. The conduct of which plaintiff complains, under the law, is the conduct of the bank, Glasscock's principal, whatever plaintiff's theoretical cause of action. Under these circumstances, Glasscock cannot be personally responsible to plaintiff for the conduct of the bank, unless Glasscock's letter is found to be defamatory. CC Arts. 3012, 3013, 2320. If a letter by an employee within the course and scope of his employment is found defamatory, the employee is solidarily answerable with the employer who has authorized or has ratified the defamation. Ardoyno v. Ungar, 352 So.2d 320 (La.App. 4th Cir.1977), writ refused.
The elements of an action in defamation are publication, falsity, actual or implied malice, and injury. Slocum v. Webb, 375 So.2d 125 (La.App.3d Cir.1979), writ refused. Viewed liberally, plaintiff's allegations assert publication and falsity and perhaps resulting injury, but fail in all respects to imply or allege that the false publication was done either recklessly without regard for the accuracy of the letter, or maliciously. We agree with the conclusion of the trial court that plaintiff has not alleged or implied malice in his petitions.
Plaintiff likewise does not have a cause of action against Glasscock for inducing FmHA or the bank to violate the lender's agreement with plaintiff, even if we should assume plaintiff's allegations to assert facts that would allow such a conclusion. Louisiana does not recognize this cause of action. Robert Heard Hale v. Gaiennie, 102 So.2d 324 (La.App.Orl.Cir. 1958).
While we agree with the trial court's result, we note that summary judgment may not substitute for the peremptory exception of no cause of action and may not be granted because of the insufficiency of allegations. Wells v. St. Tammany Parish School Bd., 340 So.2d 1022 (La.App. 1st Cir.1976). Compare Owens v. Martin, 449 So.2d 448 (La.1984). Summary judgment is a final and definitive judgment. CCP Arts. 1841, 1842. The sustaining of an exception of no cause of action is not final because a plaintiff may be allowed to amend. Compare CCP Arts. 934, 968.
*1202 We notice plaintiff's failure to allege a cause of action against Glasscock. CCP Art. 927. Accordingly, we set aside the summary judgment, decree that plaintiff has not alleged a cause of action against defendant Glasscock, and, remanding, direct that plaintiff be allowed 15 days from the date this opinion becomes final to amend his petition in the trial court or there suffer dismissal of his action against Glasscock, with prejudice. CCP Art. 934.
Costs of this appeal shall be assessed by the trial court in any appealable judgment hereafter rendered.
SUMMARY JUDGMENT SET ASIDE, EXCEPTION OF NO CAUSE NOTICED, REMANDED FOR FURTHER PROCEEDINGS.

ON APPLICATION FOR REHEARING
Before HALL, MARVIN, FRED W. JONES, Jr., JASPER E. JONES and SEXTON, JJ.
Rehearing denied.