**Gwendolyn Tackett HOTA, et al.**

v.

**NME HOSPITALS, INC., et al.**

**Civ. A. No. 86–4385.**

United States District Court, E.D. Louisiana.

Aug. 2, 1988.

---

1539

**1540**

McTernan, Parr & Rumage, Paul Rumage, Trial Atty., Keaty & Keaty, Thomas S. Keaty, Robert B. Keaty, Trial Atty., New Orleans, La., for plaintiffs.

Thomas L. Gaudry Jr., Windhorsst, Pastorek & Gaudy, Gregory G. Gremillion, Trial Atty., Harvey, La., for Curacare, Inc. and NME Hospitals, Inc.

McGlinchey, Stafford, Mintz, Cellini & Lang, P.C., Ernest P. Gieger Jr., Trial Atty., Sharon D. Smith, New Orleans, La., for Healthdyne Scientific Air–Shields, Inc.

## ORDER AND REASONS

FELDMAN, District Judge.

Defendants, NME Hospitals, Inc. and CuraCare, Inc. move for partial summary judgment as the claims of plaintiffs Gwendolyn Tackett Hota and Krutisbash Hota.

This is a medical malpractice action arising from the alleged injury of an infant, Benjamin Hota, while he was a patient at Meadowcrest Hospital in Jefferson Parish, Louisiana. Benjamin's parents claim that the child was injured when he fell from his isolette to the floor. NME Hospitals is Meadowcrest's owner and operator. CuraCare was allegedly responsible for the maintenance of the isolette. Among their damage claims, Benjamin's parents ask for recovery for their own loss of wages, loss of earning capacity, pain and suffering, and emotional anguish. NME and Curacure now move for partial summary judgment, contending that Louisiana law does not provide the parents with an avenue of recovery on these claims.

As a general matter, Louisiana law does not provide for recovery of damages by persons not directly injured by a defendant's tortious conduct. That is, the law does not provide relief for third persons. In *Blackwell v. Oser*, 436 So.2d 1293 (La. App. 4th Cir.), *cert. denied*, 442 So.2d 453 (La.1983), the Louisiana Court of Appeals for the Fourth Circuit, referring to a vast body of case law, noted only two exceptions to this general rule: (1) where the action is one for wrongful death and (2) where the defendant breached a "primary and independent legal or contractual duty ... owed directly to the aggrieved plaintiff." 436 So.2d at 1294. In so holding, the *Blackwell* court adhered to a virtually unbroken line of Louisiana cases beginning with *Black v. Carrollton Railroad Co.*, 10 La. Ann. 33 (1855).

In *Blackwell*, the parents of a baby born with severe birth defects sued the delivering physician, claiming that the birth defects were the result of his negligence. The Fourth Circuit, though critical of Louisiana case law on the subject, held that the father could not recover for his emotional injuries because he did not fall into either of the two exceptions noted above. 436 So.2d 1299. As to the mother, the court held that the obstetrician owed an independent duty to her, as his patient, to avoid treating her in a way that harmed her child. *Id.*

The Louisiana Supreme Court has not indicated any intention to alter the rule set out in *Black*. The parties have cited no recent Louisiana Supreme Court cases on the issue and this Court has found none. But one state appeals court has not felt the restraint of prior decisions. In *Skorlich v. East Jefferson General Hospital*, 478 So. 2d 916 (La.App. 5th Cir.1985), the Louisiana Court of Appeals for the Fifth Circuit disa-

greed with the *Blackwell* court. Without citing *Black,* or any of the other decisions following it, the state Fifth Circuit held that a delivering gynecologist owed a duty to both the mother and the father of a baby negligently injured during birth. One judge dissented, noting that the decision was inconsistent with prior case law. *Skorlich,* 478 So.2d at 918 (Gaudin, J., dissenting).

As a federal court sitting in diversity, this Court must apply state law as it believes that the state's highest court would do. Consequently, this Court is not compelled to follow the opinion in *Skorlich* if it is convinced that the Louisiana Supreme Court would decide the issue differently. *See* C. Wright, A. Miller & E. Cooper, 19 Federal Practice and Procedure § 4507 at 95 (1982). The Louisiana Supreme Court has, for well over a century, refused to alter the rule enunciated in *Black.* That the *Skorlich* court may have disagreed with this rule does not mandate that this Court should disregard the extensive line of cases holding that Louisiana law does not allow recovery for damages caused by the injury of persons other than the plaintiff. Accordingly, the claim of Benjamin Hota's mother and father, to the extent that it seeks recovery for the direct injury to their son, does not present a claim cognizable under Louisiana law.[1]

Benjamin's parents have not alleged that Benjamin's injury occurred as a result of the breach of any contractual obligation between them and the defendants. Conceptually, the parents could present a claim based upon injury done directly to them by the defendants' failure to notify them of their son's injury in a timely manner.[2] The plaintiffs cite two cases for the general doctrine that Louisiana law recognizes a duty not to inflict mental anguish by committing intentional, outrageous acts. As a matter of law, however, the conduct described by the plaintiffs does not rise to the level apparent in those cases. *Byrnes v. Orkin Exterminating Co.,* 562 F.Supp. 892, 896 (E.D.La.1983) (denying recovery where defendant intentionally withheld plaintiff's salary); *Smith Mahfouz,* 489 So. 2d 409, 413 (La.App. 3rd Cir.), *cert. denied,* 494 So.2d 1181 (La.1986) (allowing recovery where defendant intentionally blocked access to plaintiff's land creating potential inability of emergency vehicles to reach the property).

Accordingly, for the foregoing reasons, the motion for partial summary judgment by defendants NME Hospitals and Cura-Care is GRANTED.

---

**1.** *Cf. Mayo v. Borden, Inc.,* 784 F.2d 671 (5th Cir.1986):

"We note in passing that Louisiana law appears to allow recovery for the mental anguish caused by viewing the peril or injury of another in two restricted instances: (1) where provided by Louisiana's Wrongful Death Act ...; and (2) where defendant's activity or conduct breaches a primary and independent duty owed to the bystander."

*Id.* at 674 n. 2 (citing *Blackwell, supra* ). While the *Mayo* quote deals expressly with damages for bystanders viewing a third person's injury, the court cited *Blackwell* and other cases dealing with recovery of damages arising from injuries to third person's in general, that is, whether the plaintiff viewed the injury or not.

**2.** This theory of recovery is quite different from that applied in *Blackwell, supra.* *Blackwell* dealt with an injury to an infant caused, in part, by the breach of an independent duty owed to the mother. In this case, any claim by the parents that they were harmed by the failure of the defendants to notify them of Benjamin's injury in a timely manner is totally distinct from the infant's injury.