595 So.2d 1174 (1992)
Vivianne KORSON and Gloria Winn, d/b/a Weber Home Improvements of New Orleans
v.
INDEPENDENCE MALL I, LTD., Burrus Investment Group, Inc., Big Holding Corporation, George J. Newton, III, Richard J. Ganucheau, Chili's Inc., the Aubry Group and Concrete Busters of Louisiana, Inc.
No. 91-CA-808.
Court of Appeal of Louisiana, Fifth Circuit.
February 25, 1992.
*1175 John A.E. Davidson, Metairie, for plaintiffs-appellants Vivianne Korson and Gloria Winn.
Stephen W. Rider, Kim M. Boyle, McGlinchey, Stafford, Cellini & Lang, (A Professional Corporation), New Orleans, for defendants-appellees George Newton, III and Richard J. Ganucheau.
Before KLIEBERT, C.J., and GRISBAUM and WICKER, JJ.
KLIEBERT, Chief Judge.
This matter is before us on an appeal taken by plaintiffs, Vivianne Korson and Gloria Winn, d/b/a Weber Home Improvements of New Orleans (hereinafter sometimes referred to as "Winn and Korson"), from a judgment of the lower court which sustained an exception of no cause of action filed by George J. Newton, III (hereafter sometimes referred to as "Newton") and Richard J. Ganucheau (hereinafter sometimes referred to as "Ganucheau") who were two of some eight defendants named in an action styled as one for damages and dissolution of a lease. For the reasons hereinafter stated, we conclude plaintiffs' original petition and their amended petition do not state a cause of action against defendants, George J. Newton, III and Richard J. Ganucheau, and hence affirm the trial court's ruling.
The procedural background, insofar as it can be stated with accuracy and at the same time appropriate brevity, appears to be as follows:
On October 31, 1990 Korson and Winn filed a suit alleging that the lease which had been executed between them, as lessees, and Independence Mall I, Ltd., as lessors, had been breached by construction-related renovation activities carried on in nearby space leased by Independence Mall I, Ltd. to Chili, Inc. (hereinafter "Chili"). The petition alleged that in an effort to establish or maintain, or be restored to peaceful occupancy of their leased premises the plaintiffs had been forced to resort to the institution of proceedings for injunctive relief against Chili and others, which had resulted in a consent judgment which granted them some relief, but that subsequent thereto, Independence Mall had instituted an eviction proceeding against them as well as a separate suit to dissolve their lease.
It was set forth in some three articles of the petition (containing some forty articles) that Newton damaged plaintiffs by his intentional or negligent acts, it being specifically alleged that the eviction proceeding was retaliatory and without legal basis and with the specific intent of inflicting emotional distress upon plaintiffs. Further, it was alleged that Newton and Ganucheau sought to interfere with the contractual relationship which existed between plaintiffs and Independence Mall in an effort to wrongfully evict and terminate the occupancy of the former. Additionally, it was charged that both of these defendants had negligently conducted their corporate duties by failing to control the renovation and construction activity in such a way as not to interfere with the plaintiffs' peaceful occupancy. Finally, it was alleged that in a course of negotiations between Newton and the plaintiffs, he, Newton, directed the law firm representing Independence Mall to deliver directly to petitioners, even though represented by counsel, copies of pleadings which would have named them as defendants, all intended to inflict emotional distress and in violation of the rules of ethics.
The plaintiffs' petition was met by an exception of no cause of action filed by Newton and Ganucheau as well as other defendants, including Chili. By judgment dated February 20, 1991, the exception was maintained as to one of the defendants, namely, Burrus Investment Group, and the suit against it dismissed with prejudice. An appeal has been taken from that judgment with which we are not here concerned. The plaintiffs' demands as to the remaining exceptors, including Newton and Ganucheau, were dismissed without prejudice to their right to amend their petition *1176 within twenty days so as to state a cause of action.
In compliance with the court's judgment the plaintiffs timely filed a supplemental and amending petition. Insofar as Newton and Ganucheau are concerned the original articles relating to them were amended to read as follows:
"5.
Petitioners seek to amend the allegations in paragraph XII to read as follows:
XXII.
Independence Mall/Burrus Investment Group, Inc./BIG Holding Corporation subsequently initiated negotiations for the purchase of plaintiffs' lease; that George J. Newton, III initiated settlement negotiations demanding that plaintiffs remove themselves from the premises or else suffer adverse consequences; on information and belief, George J. Newton, III had members of the law firm representing Independence Mall deliver directly to the offices of petitioners copies of pleadings naming petitioners as defendants despite the fact that George J. Newton, III, Independence Mall/Burrus Investment Group/BIG Holding Corporation knew that petitioners were represented by counsel in the matter of leasehold proceedings; that, further, said action was either specifically intended to cause emotional distress on the part of the petitioners whose livelihood is the operation of their business of said leasehold premises or said act was negligent; that said delivery of the materials, under the direction of George J. Newton, III, was negligent in that he knew or should have known that said action was in violation of the rules of ethics and, further, that said action negligently or intentionally inflicted emotional distress on the plaintiffs herein.
6.
Petitioners seek to amend the allegations in paragraph XXIII to read as follows:
XXIII.
Upon refusal by plaintiffs to vacate the premises upon the terms dictated by defendant, George J. Newton, III, Independence Mall initiated an eviction proceeding to remove plaintiffs from the premises; that said eviction proceeding was purely retaliatory in nature and not founded upon any viable ground for eviction; that each and every alleged ground for eviction was known for many, many months and, in some instances, years without any action on the part of defendants, Independence Mall, Burrus Investment Group, Inc. and/or the BIG Holding Corporation; that the multiple grounds asserted by lessors were either not in good faith and a pretext to inflict emotional distress upon the plaintiffs or they were negligently asserted in the mistaken belief that plaintiffs had the authority to do so; that defendants have admitted that they have never evicted a tenant for any other reason than non-payment of rent; that plaintiffs have always been timely in the payment of their rental obligations and no allegation as to non-payment of rent has ever been made against them.
7.
Petitioners seek to amend the allegations in paragraph XXIV to read as follows:
XXIV.
Defendant, Independence Mall, has initated an eviction proceeding captioned Independence Mall I, Ltd. versus Vivianne Korson and Gloria Winn, d/b/a Weber Home Improvements of New Orleans, number 395,798; that the purpose for the initiation of this baseless eviction proceeding at the direction of Richard Ganucheau and George J. Newton, III was to interfere with the contractual relationships existing between plaintiffs and their lessors; this intentional tortuous interference with plaintiffs' lease constitutes an actionable tortuous interference with the contract existing between plaintiffs and their landlord; that *1177 the initiation of this eviction proceeding constitutes actionable negligence on the part of Richard Ganucheau and George J. Newton, III insofar as a mistaken belief that their employers had a viable ground for eviction."
In addition the amending and supplemental petition contained the following:
"10.
Petitioners seek to add a paragraph numbered XLIII to read as follows:
XLIII.
Petitioners urge that Independence Mall I, Ltd., Burrus Investment Group, Inc. and BIG Holding Corporation, George J. Newton, III, Richard J. Ganucheau and Chili's, Inc. were negligent in occasioning damage as set forth above to plaintiffs or that they engaged in the intentional tortuous conduct specified below:
1) disruption of business activity of plaintiffs, thereby making the conduct of their business more burdensome;
2) abuse of right to evict tenant by engaging in retaliatory eviction proceeding,
3) intentional infliction of emotional distress upon plaintiffs,
4) failure to regulate the construction activities of Chili's in order to minimize disruption of plaintiffs' business,
5) negligence in so far that they failed to ascertain the nature and extent of the construction activities of Chili's, Inc. and its concomitant impact on plaintiffs' occupancy,
6) negligent failure to assure that the activities pursuant to the construction activity would not deprive plaintiffs of their peaceful enjoyment of the premises,
7) negligent failure or intentional failure to assure that the construction activity which was in fact undertaken was performed in a manner that would not deprive plaintiffs of their peaceful occupancy of their premises.
* * * * * *
17.
Petitioners seek to add a paragraph numbered XLV to read as follows:
XLV.
George J. Newton, III and Richard J. Ganucheau are liable for the intentional infliction of emotional distress insofar as they initiated a wrongful eviction proceeding, engaged in activity or permitted the activity which is described herein which denied plaintiffs the peaceful occupancy of their premises; that their conduct was outrageous and atrocious and, further, they actively desired to inflict mental anguish on the plaintiffs and the plaintiffs were damaged as a result."
The petition as amended and supplemented was met with another exception of no cause of action filed by Newton and Ganucheau. The exception was heard on August 15, 1991 and judgment rendered on August 21, 1991, which sustained it and dismissed both the plaintiffs' original and supplemental and amending petitions against these defendants with prejudice. The appeal before us is from that judgment.
We note that nowhere in either of plaintiffs' petitions is any allegation made with respect to the status, position, or capacity either Newton or Ganucheau held or occupied. Presumably, from the wording of the pertinent articles of the petitions quoted above, they were officers or directors or persons of authority with Independence Mall I, Ltd., particularly in view of the allegations in Paragraph XXIV that the "baseless eviction proceeding was initiated at their direction." Further, we note in the first paragraph of Page 4 of the appellants' brief reference to these defendants "having negligently conducted their corporate duties." We point this out not as determinative of what the duties or functions of these two people were, but simply to make it clear that there is no contention that they acted as third parties or interlopers in the affairs alleged to have existed between the various parties but, according to the plaintiffs' own assertions, acted at all times for and on behalf of the corporations of whom *1178 they were evidently members or by whom they were employed.
The appellants' first assignment of error relates to the failure of the trial judge to recognize that the allegations of the petitions are sufficient to state a cause of action against these defendants for having inflicted emotional distress upon them. Aside from whether Independence Mall had a legal right to take the actions complained of in the Petition, Winn and Korson do not appear to have stated a cause of action against Newton and Ganucheau individually. The mere fact that Newton and Ganucheau acted as agents or representatives of the lessor, Independence Mall, in regard to the complained-of activities does not support the imposition of personal liability against them. Louisiana law is well-established that a third party cannot disregard the shield of a legal entity to hold an officer, agent or employee of an entity liable for tortuous or other wrongful acts of the employer in a commercial context.
The United States Fifth Circuit has reaffirmed that Louisiana law does not provide third parties with a cause of action against directors and officers for negligence, mismanagement, breach of fiduciary duty, or for debts of the employer. Louisiana World Exposition v. Federal Insurance Co., 858 F.2d 233, 239-40 (5th Cir. 1988). Officers, employees and agents owe no duties to third parties, and cannot be found liable to third parties for their negligent acts and omissions in a commercial context, such as this case. See Unimobil 84, Inc. v. Spurney, 797 F.2d 214, 215-17 (5th Cir.1986). Newton and Ganucheau, as employees or agents of Independence Mall, only owed a duty of care to that entity, not to any third parties, such as the lessees, Winn and Korson. Unimobil, 797 F.2d at 215-17.
As pointed out above, Newton and Ganucheau are not alleged to have acted outside the scope of authority on behalf of Independence Mall. The Louisiana Supreme Court has long held that officers and directors do not owe a fiduciary duty to third parties, and cannot be held liable for negligence or omission of duty to third parties for harm resulting from acts done on behalf of that entity. Allen v. Cochran, 160 La. 425, 107 So. 292 (1926); Wirth v. Albert, 174 La. 373, 141 So. 1 (1932). In Wirth v. Albert, the Louisiana Supreme Court held that officers are only responsible to the employing entity itself, and that "a creditor of a corporation has no right of action against the corporation's agents for gross negligence or maladministration of corporate affairs or omission of duty." Wirth, 141 So. at 4. The Supreme Court subsequently reaffirmed this holding in Bacher v. Albert, 180 La. 108, 156 So. 191 (1934).
Moreover, the cases cited in the appellants' brief do not support their arguments for asserting a cause of action against Newton and Ganucheau. In Bush v. Fidelity and Deposit Company of Maryland, 516 So.2d 1199, 1201 (2nd Cir.1987), the Court properly refused to impose liability upon a bank officer for claims of fraud, breach of fiduciary duty, lack of good faith in dealing with the plaintiffs, duress, economic coercion, and defamation. The Bush Court dismissed some of the same claims asserted against Newton; i.e., duress and coercion.
Significantly, the Bush Court also found that a cause of action did not exist against the officer for inducing the borrower's guarantor or the bank to violate the lender's agreement with the borrower.
Contrary to the assertions in the appellants' brief that the Bush opinion holds that an employee is not immune from torts occasioned by his conduct, even if it was within the course, scope and function of his employment, the Bush Court actually refused to impose liability upon the individual officer, because he had not "personally bound himself in any respect to plaintiff or to have exceeded his authority as an officer or representative of the bank." Bush, 516 So.2d at 1201. In this case, neither Newton nor Ganucheau are alleged to have personally bound themselves, or acted with respect to the plaintiffs other than as agents or representatives of Independence Mall. Under these circumstances, Newton and Ganucheau "cannot be personally responsible *1179 to plaintiff for the conduct of the [employer]...." Bush, 516 So.2d at 1201.
The reasoning articulated by the Bush Court would appear to be appropriate to this action, because Winn and Korson have not alleged that Newton or Ganucheau exceeded their authority as officers, employees, or representatives of Independence Mall, or that they acted in any other capacity with respect to the appellants. Therefore, Newton and Ganucheau are not, as a matter of law, personally responsible to the appellants for any alleged damages purportedly caused by the lessor, Independence Mall.
Smith v. Mahfouz, 489 So.2d 409 (3rd Cir.1986), writ denied, 494 So.2d 1181 (La. 1986), is inappropriately cited by appellants to support their intentional infliction of emotional distress claims. Smith does not address the situation or facts before this Court, since these defendants acted in a representative capacity. In Smith, the Court merely imposed damages for intentional infliction of emotional distress against an individual defendant. The defendant in Smith was acting in his individual capacity, and was not acting as the agent of a corporate entity. Smith is wholly inapplicable to the facts of the present case.
Appellants also misapply Engrum v. Boise Southern Co., 527 So.2d 362 (3rd Cir.1988). The conduct complained of by the plaintiff in Engrum included the following acts: the defendant supervisor made public threats against the plaintiff while he was attempting to work, the supervisor and plant manager fired the plaintiff for alleged sabotage without conducting an adequate investigation; and the plant manager and coemployees engaged in conduct resulting in the plaintiff's arrest. The Court in Engrum found that the conduct at issue was "outrageous and atrocious", causing damage to the plaintiff.
Winn and Korson have not alleged any of the above-referenced facts in Engrum that would support a claim for intentional infliction of emotional distress against Newton and Ganucheau. Liability cannot be imposed where, as in the present case, the "defendants had a legal right to take the actions which they did." Matherne v. Response Instrument Service & Engineering Corp., 533 So.2d 1011 at 1017 (1st Cir.1988), writ denied, 537 So.2d 1166 (La. 1989).
Moreover, Engrum should be limited to the specific facts of that case. As the Louisiana Supreme Court recently noted in White v. Monsanto Co., 585 So.2d 1205 (La.1991), in discussing the cause of action for intentional infliction of emotional distress:
[t]the extreme and outrageous character of the conduct may arise from an abuse by the actor of a position, or a relation with the other, which gives him actual or apparent authority over the other, or power to affect his interests. Thus, many of the cases have involved circumstances arising in the workplace. A plaintiff's status as an employee may entitle him to a greater degree of protection from insult and outrage by a supervisor with authority over him than if he were a stranger.
* * * * * *
Recognition of a cause of action for intentional infliction of emotional distress in a workplace environment has usually been limited to cases involving a pattern of deliberate, repeated harassment over a period of time.
Id. at 1210 (citations omitted) (emphasis supplied).
Winn and Korson were not employed by Newton and Ganucheau. Accordingly, this case does not involve a workplace environment, and a pattern of "deliberate, repeated harassment over a period of time." Newton and Ganucheau are not alleged to have been misled or deceived by the exercise of their authority. Thus, Newton and Ganucheau may not be sued personally by the lessees for any alleged damages purportedly caused by Independence Mall, or for acts committed by them as agents for Independence Mall. Winn and Korson are only suing Newton and Ganucheau for their acts as the apparent representatives of the lessor, Independence Mall. All of these claims relate to that lessor's alleged *1180 breach of the lease, and associated duties and obligations. Louisiana law is clear that "liability does not attach where the actor has done no more than to insist upon his legal rights in a permissible way, even though he is aware that such insistence is certain to cause emotional stress." White, 585 So.2d at 1210. The plaintiffs have not stated a valid cause of action to pierce the corporate veil of Independence Mall so as to hold Newton and Ganucheau personally liable for actions taken on behalf of their disclosed employer/principal, Independence Mall.
The next assignment of error urged by appellants is that the trial judge failed to recognize that Newton and Ganucheau were properly alleged to be liable for having intentionally interfered in the contractual relationship between plaintiffs and their landlord by the initiation of wrongful eviction proceedings. In dealing with this contention, it must once again be observed that neither defendant is alleged to have acted in an individual capacity or as a party to the eviction proceeding, but only as an unspecified representative of the corporation. This being the case, we look to the elements of an intentional interference claim which have been held to be the following:
1. the existence of a contract or a legally protected interest between the plaintiff and the corporation;
2. the corporate officer's knowledge of the contract;
3. the officer's intentional inducement or causation of the corporation to breach the contract or his intentional rendition of its performance impossible or more burdensome;
4. absence of justification on the part of the officer;

5. causation of damages to the plaintiff by the breach of contract or difficulty of its performance brought about by the officer.
9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228, 234 (La.1989) (emphasis supplied).
Here, Winn and Korson's petition discloses that the lessor's eviction suit was not unjustified. These plaintiff lessees have admitted in their petition that the eviction suit was based on their breaches of the subject lease. See Petition, Par. XXIII, Record, p. 154. The plaintiffs imply that Independence Mall's eviction suit was somehow not in good faith because the lessor supposedly knew of the grounds for eviction "many months and in some instances years without any action on the part of [the lessors]...." See Petition, Par. XXIII, Record, p. 154. Thus, it appears that Winn and Korson are arguing that the eviction suit was barred by waiver or estoppel, and that because Independence Mall filed suit, Newton and Ganucheau are guilty of intentional interference with contractual relations.
Winn and Korson attached a copy of the subject lease to their petition. Thus, the lease may be considered in connection with this Peremptory Exception without converting the Exception to a Motion for Summary Judgment. The terms of the lease, in light of Louisiana law, make it clear that the institution of the eviction proceeding was not without merit and cannot constitute grounds for a claim for intentional interference with contractual relationships.
The express language of the subject lease demonstrates that Independence Mall cannot be deemed to have waived any of its rights to terminate the lease, based upon the lessees' violations of their obligations. Specifically, Section 10.7 (pg. 28) of the lease provides:

Failure to strictly and promptly enforce any of the terms or conditions of this lease, shall not operate as a waiver of Lessor's rights, Lessor expressly reserving the right to always enforce prompt payment of rent or commissions, or any other obligations, or to cancel this lease as provided herein, regardless of any indulgences or extensions previously granted. The receiving by Lessor, or lessor's representative of any rent in arrears, or after notice of institution or any suit for possession, or for cancellation of this lease, will not be considered as a waiver of such notice of suit, or of any of the rights of Lessor, *1181 but shall only entitle Lessee to a credit for the monies received.
(Emphasis supplied).
Consequently, any assertion by the lessees that Independence Mall waived its right to terminate the lease and evict the lessees could be devoid of merit under the language of Section 10.7 of the lease.
The third and last assignment of error is that the trial judge failed to recognize the liability of Newton for having directed his attorney to have direct contact with the plaintiffs despite the fact that he knew they were represented by counsel and thus was in violation of the rules of ethics. The latter appears to be an attempt to impose liability against Newton under Rule 4.2 of the Louisiana Rules of Professional Conduct and is also without merit. Rule 4.2, governing communication with a person represented by counsel, expressly provides:
In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so. A lawyer shall not effect the prohibited communication through a third person, including the lawyer's client.

(Emphasis supplied.)
This rule only governs prohibited communications by lawyers admitted to practice in the State of Louisiana. These rules do not govern, nor even address, the actions of non-lawyers. Plaintiffs have at no time alleged that Newton is a lawyer licensed to practice in Louisiana. The facts asserted in Winn and Korson's petitions reveal that both parties were negotiating face-to-face, and that Newton had a draft petition delivered during the settlement discussions. Such conduct was not an improper communication under Rule 4.2. Plaintiffs have not stated a cause of action against appellee Newton for sending a draft copy of a petition to plaintiffs.
For the foregoing reasons we conclude that the plaintiffs', Vivianne Korson and Gloria Winn, petitions have failed to state a cause of action against these defendants, George J. Newton, III, and Richard J., Ganucheau, and that the trial court's judgment sustaining the exception of no cause of action and dismissing the suit against them with prejudice is correct and is therefore affirmed. Costs are imposed on plaintiffs.
AFFIRMED.