CANNELLA, Judge.
In an automobile accident case, Plaintiffs, Daina LeBlanc and Joseph LeBlanc, appeal from a judgment against Defendants, Meika Louque and her insurer, Allstate Insurance Company. We affirm.
On Friday, July 10, 1998, Daina Le-Blanc, was driving eastbound in the right lane on the 1-10 on her way to work. She was 27 weeks pregnant at the time. At approximately 7:15 a.m., Meika Louque, who was driving in the left lane, drifted from the left lane into the right lane, colliding with the left rear of Daina LeBlanc’s car. Daina LeBlane’s seatbelt locked. The parties stopped their vehicles and exchanged the appropriate information. The police were called, but after waiting 30-35 minutes, Meika Louque left before they arrived in order to get to the airport. A police officer arrived 15-20 minutes later. Daina LeBlanc was upset, nervous and worried about the effect of the accident on her unborn child. She then drove to her husband’s place of business where she told him about the accident. The Plaintiffs then went home. Shortly after she arrived home, she began [¡¡suffering from a severe headache and low back pain. She called her obstetrician, who instructed her to go to the River Parishes Hospital in LaPlace, Louisiana. Daina LeBlanc was admitted at 11:45 a.m. and placed on a fetal monitor. The monitor showed uterine irritability and some mild contraction activity. At 1:10 p.m., she was given a medication to stop the contractions, which ceased by 2:30 p.m. She was kept on the fetal monitor from then until 7:00 p.m. She was discharged at 7:05 p.m. and ordered to remain in bed for 24 hours. She was seen by her doctor on July 14, 1998 and released to return to work on July 15, 1998. She missed three days of work.
Joseph LeBlanc normally worked on Saturday and Sunday. He remained at home with his wife until she was released to return to work. He missed five days of work from July 10th to the 14th. The child was born in October 1998 and had no perceivable injuries.
On June 14, 1999, the parties filed suit against Meika Louque and her insurer for Daina LeBlanc’s lost wages, medical expenses, pain, suffering and mental anguish regarding the effect of the accident on their unborn child. Joseph LeBlanc also alleged damages for lost wages and mental anguish about the child. A bench trial was held on February 18, 2000. The trial judge found Meika Louque to be 100% at fault in the accident. He awarded Daina LeBlanc $1,000 for mental distress, $450 for pain and suffering, $1,532 for medical expenses and $180 for lost wages. The trial judge denied mental distress and lost wages damages to Joseph LeBlanc based on Lejeune v. Rayne Branch Hosp., 556 So.2d 559 (La.1990).
On appeal, Plaintiffs assert that the trial judge erred in relying on Lejeune to deny the claim, as it is inapplicable to these facts. They further assert that the Ldenial violates the equal protection clause of the Louisiana Constitution, Art. 1, Sec. 3. Third, Plaintiffs assert that the award of damages is inadequate.
Plaintiffs first argue that the Le-jeune case did not overrule prior jurisprudence that allowed recovery for mental distress resulting from injuries to another person, when the anguish is caused by a breach of a primary and independent legal or contractual duty owed directly to an aggrieved plaintiff who was not physically injured. Skorlich v. East Jefferson General Hosp., 478 So.2d 916 (La.App. 5th Cir. 1985). In Skorlich, this Court allowed recovery for mental distress by the father, as well as for the mother, for a birth injury to the child. Here, Plaintiffs contend that *218 Meika Louque owed an independent duty to Joseph LeBlanc not to injure his unborn child. We find Skorlich distinguishable. The duty there was owed by the physician to the parents to whom was entrusted the delicate responsibility of birthing the child. This is a simple automobile accident case in which Meika Louque had a duty to those in the automobile, the mother and the unborn child, but had no independent duty to the father of the unborn child who did not witness nor come upon the accident. Thus, we find that Lejeune and La.C.C. art. 2815.6 apply.
A cause of action for the emotional distress and mental anguish suffered by a bystander who witnesses injury to another person, or comes upon the scene soon thereafter, was not recognized in this state until the decision in Lejeune. Thereafter, the legislature enacted C.C. art. 2315.6 in 1991 codifying the Lejeune test for recovery.[1]
5In Lejeune, the Court set out the test as follows:
1.A claimant need not be physically injured, nor suffer physical impact in the same accident in order to be awarded mental pain and anguish damages arising out of injury to another. Nor need he be in the zone of danger to which the directly injured party is exposed. He must, however, either view the accident or injury-causing event or come upon the accident scene soon thereafter and before substantial change has occurred in the victim’s condition.
2. The direct victim of the traumatic injury must suffer such harm that it can reasonably be expected that one in the Plaintiffs position would suffer serious mental anguish from the experience.
3. The emotional distress sustained must be both serious and reasonably foreseeable to allow recovery. Serious emotional distress, of course, goes well beyond simple mental pain and anguish. Compensation for mental pain and anguish over injury to a third person should only be allowed where the emotional injury is both severe and debilitating. {Emphasis added}
Lejeune, 556 So.2d at 570.
In this case, Joseph LeBlanc fails to meet the requirements of C.C. art. 2315.6. He neither witnessed the accident, nor came upon it soon thereafter and the unborn child suffered no injury. Thus, we find that the trial judge did not err in denying Joseph LeBlanc’s claim on the basis that he failed to meet the bystander test of C.C. 2315.6 and Lejeune.
Plaintiffs next assert that the denial of Joseph LeBlanc’s claim is a violation of his constitutional right to equal protection of the law. La. Const. Art. 1, Sec. 3 states that:
|fiNo person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate *219 against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime.
Plaintiffs contend that both parents have a social, moral and legal duty to care for their unborn child and, once born, to raise their child to adulthood. They argue that the denial of Joseph LeBlanc’s claims created two separate and distinct categories by excluding him from recovery for mental distress due to the possible injury to the child in the accident. We disagree. The mother in this case was an injured party. The child was part of her body and inseparable from the events. Further, Daina LeBlanc suffered the headache and pains associated with the uterine irritability and premature contractions. She suffered the inconveniences of the hospitalization and its discomforts. Thus, she was not treated differently than Joseph Le-Blanc, who suffered no physical injury or physical discomforts. Thus, we find that Joseph LeBlanc was not denied equal protection of the law in this case.
Next, Plaintiffs argue that the awards for mental anguish and pain and suffering to Daina LeBlanc were inadequate. They contend that she was admitted into the hospital with uterine irritability and premature contractions, placed on a fetal monitor, underwent an ultrasound and was given medication to stop her contractions. She remained in the hospital for more than eight hours, after which she was ordered to stay in bed for 24 hours, and was forced to remain home until she was released for work after her one visit to the obstetrician. Aside from her own discomfort, Daina LeBlanc was anxious during this time over the health of her 17unborn child. Plaintiffs argue that her award for pain and suffering should be increased from $450 to $2,500 and the award for mental anguish should be increased from $1,000 to $2,500.
The standard for the review of damage awards is whether, after an articulated analysis of the facts, this Court finds that the trial judge abused his great discretion. Bostwick v. M.A.P.P. Industries, Inc., 97-791 (La.App. 5th Cir.12/30/97), 707 So.2d 441, 448; Theriot v. Allstate Ins. Co., 625 So.2d 1337, 1340 (La.1993). If, after an analysis of the facts and circumstances peculiar to the particular case and the particular plaintiff, the appellate court concludes that the award is inadequate, then it may resort to prior awards, and then only for the purpose of determining the highest or lowest point which is within its discretion. Bostwick, 707 So.2d at 448; Theriot, 625 So.2d at 1340.
In this case, Daina LeBlanc suffered inconvenience, anxiety and discomfort for, at the most, three days. Therefore, we find no abuse of the trial judge’s discretion in the awards for pain and suffering and mental distress.
Accordingly, the judgement of the trial court is hereby affirmed. Costs are to be paid by Plaintiffs.
AFFIRMED.

. La.R.S. art. 2315.6 provides in part:
A. The following persons who view an event causing injury to another person, or who come upon the scene of the event soon thereafter, may recover damages for mental anguish or emotional distress that they suffer as a result of the other person’s injury ...
B. To recover for mental anguish or emotional distress under this Article, the injured person must suffer such harm that one can reasonably expect a person in the claimant’s position to suffer serious mental anguish or emotional distress from the experience, and the claimant’s mental anguish or emotional distress must be severe, debilitating, and foreseeable. Damages suffered as a result of mental anguish or emotional distress for injury to another shall be recovered only in accordance with this Article.